LEIBOVITZ, APPELLEE, *v.* CENTRAL NATIONAL BANK ET AL., APPELLANTS.

(No. 19439—Decided April 24, 1944.)

*Mr. J. G. Negin,* for appellee.
*Messrs. McKeehan, Merrick, Arter & Stewart, Mr. C. M. Horn* and *Mr. W. J. Klotzbach,* for appellants.

MONTGOMERY, P. J. The amended petition filed in the Court of Common Pleas sought recovery for damages alleged to have been sustained by the plaintiff by reason of the claimed wilful, wrongful and malicious interference by the defendants with an agreement to sell a certain cigar and candy stand located in the real estate of the defendant bank, and that as a result of such interference the plaintiff was compelled to and did sell such business for a sum of $2,025 less than the amount which she would have received except for such interference.

The answer was in effect a general denial. The cause being submitted to a jury, a verdict was returned for $2,025 and judgment having been entered upon the verdict an appeal was perfected to this court.

It is contended, (1) that final judgment should be rendered for the defendants-appellants on the ground that the evidence fails to show any existing contract

between the vendor and the ultimate vendee and fails further to show that the negotiations between them had ripened into an agreement or that such negotiations would have resulted but for the alleged interference, and (2) if appellants be not sustained in this contention then there should be a reversal and remanding of the cause for errors alleged to have occurred in the course of the trial.

Although much of the oral argument and briefs of counsel are taken up with the discussion of the evidence and of the law applicable to existing contracts, suffice it to say that the evidence in the instant case fails to show any existing or consummated contract, which fact is in effect conceded by the appellee.

As we view it the cause did proceed to trial on the question of the alleged interference with the consummation of the contract.

We find ourselves in complete accord with the trial judge in the charge to the jury upon this proposition and, the affirmance of the judgment being inevitable, an opinion might well be regarded as superfluous except for the fact that so far as we know the question is new in Ohio and consequently deserves some comment from this court.

We think the law is stated correctly in the case of *Lewis* v. *Bloede*, 202 F., 7, which is a judgment of the Circuit Court of the United States for the District of Maryland. The first branch of the syllabus in that case is:

"The doctrine being well established that an action in tort will lie for a wrongful interference with the performance of an executory contract, the same principle will sustain an action for wrongfully preventing one from entering into a contract, where the evidence establishes with sufficient clearness that but for such interference the contract would have been made."

That court, in its opinion as found on pages 16 and 17, said:

"If A makes a definite proposal to B to enter into a contract, the character, terms, etc., of which are sufficiently definite to be capable of acceptance, and, while B is negotiating, or after he has determined to accept the proposal, C maliciously interferes and prevents the acceptance on the part of B, or procures a withdrawal of the proposition by A, by reason whereof loss is sustained, can it be said that the party who is in-injured by such interference has sustained no legal wrong, and that by reason thereof has sustained no injury—that is, loss? Is there not in such case *damnum et injuria,* which constitute the elements of actionable wrong?"

That court answered its query in the affirmative and we also answer that query in the affirmative and find ourselves in complete accord with the reasoning of that court.

Counsel direct our attention to the case of *Louis Kamm, Inc.,* v. *Flink,* 113 N. J. Law, 582, 175 A., 62, 99 A. L. R., 1, where the same rule is laid down and in that case the first branch of the syllabus as reported in A. L. R., is:

"Maliciously inducing a person not to enter into a contract with another, which he would otherwise have entered into, is actionable if damage results."

And of interest are the annotations to this case appearing on page 12 *et seq.,* and particularly on page 20, of 99 A. L. R.

Tested by this rule, to what conclusion must we arrive in the instant case under the evidence? True there is some conflict in the evidence but, nevertheless, the verdict of the jury was not against the weight of the evidence and the jury was justified in believing the testimony adduced by and on behalf of the plaintiff.

This was to the effect that she sought $3,500 for the business and advertised it for sale. A prospective purchaser, who became the ultimate purchaser, came to her home and offered $2,800 for the business. Thereafter this purchaser got in touch with the superintendent of the defendant's building in order to get facts as to tenancy. Thereafter this purchaser lost interest in the $2,800 offer.

Plaintiff testified that she knew of the purchaser's visit to the building superintendent and that after that the plaintiff could not even get in touch with the purchaser. Plaintiff's evidence is clear that she protested not only to the building superintendent but also to the general counsel of the defendant bank and to a Mr. Holsman whom she described as comptroller of the Central National Bank. That to them she detailed the proposal of the purchaser, the interference with it by the building superintendent and her inability to get any action from him. According to her story they protested their inability to do anything and neither of them took the witness stand to deny the plaintiff's claim. Counsel for the plaintiff also submitted his professional statement in lieu of evidence in which he told that he went to Mr. Porter, the building superintendent, discussed the $2,800 offer and the refusal of the bank to permit the purchaser to pay and protested the injustice of the attitude of the bank but got nowhere. Mr. Porter, who took the witness stand, did dispute the most of this testimony, but he admitted that they were anxious to get rid of the plaintiff and that they did not feel that she had anything to sell which justified any such price. His testimony indicated that they wanted to get rid of her because they were not satisfied with the character of the stand and the matter of cleanliness and environment. Such a position is understandable and perhaps commendable, but it could not be any

concern of the banking institution as to how much was paid for the business by a purchaser whom it was willing to accept as a tenant. Not only did it accept as its tenant the purchaser but also fixed the price which should be paid and which was paid for the business. In our judgment there can be no doubt, under this record, of the interference and improper interference by the representative of the bank with a contract with which it and he had no concern.

It follows that defendant was not entitled to a directed verdict and is not entitled to final judgment at our hands.

The other questions seem to us to require but little consideration.

It is argued that plaintiff is prevented by Section 8384, General Code (the statute of frauds), from maintaining this action. That section might be available to the defendant in an action between the parties. It is a mere defense. It is not a matter of substance. With it the defendant in this instance can have no concern because in an action based upon the contract itself such a defense might not have been alleged or insisted upon. It is an altogether different thing from the preventing of the enforcement of a void contract.

It is argued further that the trial court erred in failing to charge the jury explicitly on the matter of the elements for the negotiation of a contract and the elements necessary to establish malicious interference. There was nothing erroneous in the charge of the court. True it might have been more ample and complete but when, at the conclusion of the general charge, counsel were asked if there were any errors or omissions to which they desired to call the attention of the court, the record shows that counsel for the defendant did ask for a more specific charge as to the question which we have heretofore discussed, to wit, the ne-

cessity of proof that ''except for such interference the contract would have been consummated,'' and this additional instruction the court gave. Nothing was asked from the court of the matter of which complaint is now made.

We find no error in this record and the judgment of the trial court will be affirmed.

*Judgment affirmed.*

SHERICK and DOYLE, JJ., concur.

MONTGOMERY, P. J., and SHERICK, J., of the Fifth Appellate District, and DOYLE, J., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.