Elizabeth SATTERFIELD, Appellant,

v.

MISSOURI DENTAL ASSOCIATION,
Respondent.

No. WD 32836.

Missouri Court of Appeals,
Western District.

Sept. 7, 1982.

Rehearing Denied Nov. 2, 1982.

Robert J. Swift, Jr., Cullen Coil, Jefferson City, for appellant.

Harvey M. Tettlebaum, Jefferson City, for respondent.

Before CLARK, P.J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

Appellant suffered dismissal of her petition for actual and exemplary damages on the ground the cause of action was barred by the statute of frauds, § 432.010, RSMo 1978. On this appeal she contends, first, that the statute of frauds as an affirmative defense may not serve as a basis for sustaining a motion to dismiss on the pleadings and, second, the oral agreement between the parties was not within the operation of the statute of frauds. Affirmed.

The facts of the case are drawn from appellant's petition by which it is alleged that appellant was employed by the association as executive secretary from 1944 until November 11, 1979 when she was discharged. That event, she asserted, breached an oral agreement under which appellant was to have continued in her position until retirement on a date set by her. Appellant further alleged the date of retirement had been determined to be April 1981 and she had so advised the association. In addition to damages, appellant sought reinstatement to her former position. The motion to dismiss, sustained by the trial court, was based on the ground that any agreement to retain appellant in employment from November 1979 to April 1981 was not to be performed within one year and was thus required by the statute of frauds to be in writing.

In her first point, appellant contends the trial court erred in dismissing the petition because a plaintiff is under no obligation to show affirmatively by petition averments that a cause of action is not barred by the statute of frauds. The statute constitutes an affirmative defense to be pleaded by answer and, according to appellant, may not be successfully asserted on a motion to dismiss.

We first observe that plaintiff's petition here makes no particular allegation as to the form of the employment agreement, appellant having been content to plead "it was agreed and understood between plaintiff and defendant that plaintiff would serve as executive secretary of defendant until her retirement." The fact that the

agreement was indeed oral was not, however, the subject of any dispute. In suggestions opposing the motion to dismiss, appellant conceded the agreement to have been oral arguing that the statute was inapplicable because the agreement could have been performed within one year.

Arguments much the same as those advanced by appellant were considered and rejected in *International Plastics Development, Inc. v. Monsanto Company*, 433 S.W.2d 291 (Mo. banc 1968) and *State ex rel. Uthoff v. Russell*, 210 S.W.2d 1017 (Mo. App.1948). Those cases hold the statute of frauds may properly be raised in a motion to dismiss for failure to state a claim if it appears the contract in question is unwritten and the plaintiff fails to plead facts which would take the contract out of the operation of the statute. In other circumstances where the pleadings raise a dispute as to whether the agreement was memorialized by a writing or where the plaintiff has raised other fact issues relevant to the applicability of the statute, a motion to dismiss would be premature · until the fact questions are settled. Such was the situation in *Martin v. Ray County Coal Co.*, 288 Mo. 241, 232 S.W. 149 (1921), cited by appellant and distinguishable on this ground.

■ Appellant next contends the statute of frauds was not applicable to the agreement she made to work until she decided to retire because that agreement, embracing an indefinite time period, could have been performed within one year. While it is correct that an employment contract for an indefinite period may be performed within one year by exercise of the option to terminate and such an agreement has been held not to be within the statute of frauds, *Koman v. Morrissey*, 517 S.W.2d 929, 935 (Mo. 1974), the agreement here was not of that nature according to plaintiff's petition. She there alleged the exercise of her option to select a retirement date "which she had therefore determined to be April, 1981 and had so advised the Board of Governors of the defendant corporation." The contract on which appellant based her action was one for her continued employment until April 1981, a definite future date well beyond the limitation of one year. By setting her retirement date, which appellant was entitled to do, she established the agreement to be of definite duration obligating both parties to continue the employment and eliminating the termination option.

■ Appellant also argues, inexplicably, that the statute of frauds does not apply here under the exception recognized where one party to the agreement has fully performed. Apparently, she bases this contention on the fact that she rendered services from the date of the agreement until her termination, thus giving defendant the benefit of the agreement for that period of time. Of course, the cause of action here originates in a premature discharge which prevented appellant from performing the complete services her agreement contemplated. By her own allegations, the agreement would have been fully performed on her part only if she worked until retirement in April 1981. The fact that she was earlier terminated, with or without cause, does not convert partial performance into full performance such as will remove the case from the requirements of the statute of frauds. 72 Am.Jur.2d Statute of Frauds § 39 (1974); Annot., 88 A.L.R.2d 701 (1963).

Finally, appellant contends her part performance was sufficient to enable the court to enforce the contract under the "doctrine of equitable fraud" despite the statute of frauds. She cites *Pointer v. Ward*, 429 S.W.2d 269 (Mo.1968) as authority for this proposition.

■ In the last cited case, the court acknowledged the possibility, in very unusual circumstances, for a court of equity to enforce an oral contract despite the statute of frauds. Among the · elements to be proved are partial performance done in reliance on the contract with a resulting change in the positions of the parties so that application of the statute of frauds would result in a grossly unjust and deepseated wrong, constituting fraud or something akin thereto sometimes referred to as virtual fraud, constructive fraud or equitable fraud. Suffice it to say that appellant

here pleaded no change in the positions of the parties based on the alleged agreement, no grossly unjust or deep-seated wrong and no act or consequence approaching fraud. The doctrine has no application to the facts as they appear in the petition. Moreover, the law is generally settled that partial performance will not remove a contract not to be performed within one year from the operation of the statute of frauds where the action is one for breach of the entire contract. *Waller v. Tootle-Campbell Dry Goods Co.*, 59 S.W.2d 751, 754 (Mo.App. 1933); Annot., 6 A.L.R.2d 1053, 1083 (1949).

The judgment is affirmed.

All concur.