**Theodore MAYER, Appellant,**

v.

**KING COLA MID–AMERICA, INC., Respondent.**

**No. 45794.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 1, 1983.

Edward C. Cody, St. Louis, for appellant.

Stephen Higgins, St. Louis, for respondent.

STEPHAN, Judge.

Defendant's motion for a directed verdict at the close of all the evidence was sustained as to Count I of the petition, and plaintiff appeals. We affirm.

Plaintiff Theodore Mayer is experienced in the soft drink business, and has worked in that business since 1956. Plaintiff was employed by Pepsi Cola International for many years, and worked abroad setting up and managing soda franchise operations. In 1978, he returned to the United States and eventually was employed by Double Cola as Vice President of Marketing. After Mr. Mayer resigned from Double Cola, in January 1980, he was contacted by Linda

Leary, then secretary and later president of defendant King Cola Mid-America, Inc. She inquired as to his interest in a position as general manager of a new soda franchise in St. Louis. On February 2, 1980, plaintiff met with Ms. Leary. A three-year employment contract was discussed with compensation to be set at $40,000 the first year and $45,000, and $50,000 in each succeeding year, plus an additional commission based on sales. In addition, defendant promised to pay plaintiff's moving expenses up to $5,000. Plaintiff recovered judgment for these expenses as prayed for in his Count II, and they are not an issue here. Plaintiff agreed to work for defendant, and moved from his home in Chattanooga, Tennessee to St. Louis. He began work for defendant in February, 1980; and in accordance with the negotiations, he awaited a written contract. No written agreement, however, was executed. The relationship between plaintiff and defendant deteriorated in the months that followed. In late April, or early May, Ms. Leary informed plaintiff that he was not going to be given a contract. A few weeks later, plaintiff was asked to resign; when he refused, he was terminated.

■ Plaintiff contends that the granting of defendant's motion for directed verdict, predicated as it was upon the Statute of Frauds, was error. Plaintiff maintains that sufficient evidence was adduced at trial for the jury to consider his claim for relief on the basis of (1) promissory estoppel, or (2) on the grounds that various writings executed by the parties during the negotiations amounted to a written contract. In deciding whether the trial court erred in sustaining defendant's motion for a directed verdict at the close of the case, we view the evidence in the light most favorable to the plaintiff, giving such evidence the benefit of any and all reasonable inferences, and disregarding defendant's evidence except insofar as it might aid plaintiff's case. *Grossman Iron & Steel Co. v. Bituminous Casualty Corp.,* 558 S.W.2d 255, 258 (Mo. App.1977). Even under such standard of review, we cannot say that the trial court

erred in sustaining defendant's motion for directed verdict.

■ At the outset, we note that the contract upon which plaintiff sued is clearly one contemplated by the Statute of Frauds, § 432.010, RSMo 1978. That section provides in part: "No action shall be brought . . . upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized . . ." Plaintiff's theory was that his was a contract of employment for a term of three years with annual increases in base compensation with an additional commission of undetermined amount. Although a formal document memorializing the agreement was prepared by one of defendant's attorneys, it was never signed by plaintiff or a representative of defendant. As plaintiff correctly argues, the absence of signatures on one such document is not fatal in and of itself. "It is not essential that the memorandum be contained in a single document. The essential elements may be contained in a series of writings or documents." *Bayless Building Materials Company v. Peerless Land Company,* 509 S.W.2d 206, 211 (Mo. App.1974). When separate documents are relied on to establish the existence of an agreement, they must be connected by express reference to one another or by clear implication established through their respective contents. *Arnold v. Broadmoor Development Co.,* 585 S.W.2d 564, 566 (Mo. App.1979).

■ To meet such requirements, plaintiff introduced a number of "writings." We do not attempt to catalogue them all, but they included plaintiff's own notes taken during his initial meeting with Ms. Leary, defendant's corporate minutes showing plaintiff's election to the board of directors and appointment as vice-president of the corporation, and defendant's payroll record showing plaintiff's annual salary to be $40,000. We have examined all of these documents

and have concluded that all they indicate is that, at the times in question, plaintiff was an employee-at-will. None of the documents refers to the formal contract prepared by defendant's attorney, none spells out the essential terms of the contract. The requirements of the Statute of Frauds are not met by the "other writings" in this case.

Plaintiff's alternative argument is that the doctrine of promissory estoppel excuses compliance with the requirements of the Statute of Frauds.

▌ We acknowledge that the doctrine of promissory estoppel has been resorted to in Missouri in extreme cases to avoid unjust results. To some extent the concept has been intermixed with the doctrine of equitable estoppel or estoppel in pais. In one such case, *In re Jamison's Estate,* 202 S.W.2d 879, 886 (Mo.1947), our Supreme Court quoted with favor from Section 90 of the Restatement of the Law of Contracts:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

In two subsequent cases, Missouri Courts have used the doctrine of promissory estoppel to permit recovery by former employees who had retired in reliance upon promises that they would be paid lifetime pensions and the employers later stopped making payments. *Feinberg v. Pfeiffer Company,* 322 S.W.2d 163 (Mo.App.1959); *Katz v. Danny Dare, Inc.,* 610 S.W.2d 121 (Mo.App. 1980). In each of those cases, plaintiff's reliance upon the promise to his detriment was held to supply the otherwise missing element of consideration and thus to establish a contractual obligation of the defendant to honor the promise.

▌ Aside from the fact that neither *Feinberg* nor *Katz* directly involved the Statute of Frauds, we do not find them persuasive on the issue before us. Plaintiff did not have a "promise" in the contractual sense. In view of the evidence concerning many unsettled matters to be embodied in the written contract, particularly the potentially very substantial item of plaintiff's commission, the relationship here would be more properly characterized as an "expectation of a promise" rather than an accomplished fact. If the final form of the written contract tendered to plaintiff had not been satisfactory to him in such matters, for example, as the commission or covenant not to compete, he could have abandoned the relationship with impugnity. Absent mutuality, there can be no contract to enforce at law or equity. Moreover, even if it could be said that a promise existed here, plaintiff's action in reliance thereon constituted no detriment to him. At the time plaintiff was contacted by Ms. Leary, he was unemployed; he did not forego continued employment. Although he moved from Chattanooga, Tennessee to St. Louis in order to commence his duties, he recovered judgment for his moving expenses in the court below. Finally, he was compensated at the "contractual" rate of $40,000 per year by the defendant through the time of his termination. Thus, adherence to the mandate of the Statute of Frauds would work no injustice. In *Katz,* supra, 124, it is said, "There are three elements to be satisfied to invoke the Doctrine of Promissory Estoppel. These are: (1) a promise; (2) a detrimental reliance on such promise; and (3) injustice can be avoided only by inforcement of the promise." Plaintiff's case is wanting in all three elements and is barred by the Statute of Frauds.

In *Morsinkhoff v. DeLuxe Laundry & Dry Cleaning Co.,* 344 S.W.2d 639 (Mo.App. 1961), plaintiff entered into an oral agreement whereby plaintiff would accept a managerial position in defendant's business at $10,000 per year. Plaintiff was employed at the time; and, because he wanted to give his current employer one month's notice of his resignation and take a week's vacation before commencing his new job, it was agreed that he would start work thirty-seven days later. The evidence was in conflict as to whether the term of the contract was to be one year or for an indefinite period. Thereafter, plaintiff gave his no-

tice, resigned and offered to start his new employment with defendant. Defendant, however, refused to allow him to start work, and plaintiff sought different employment. Plaintiff prevailed in the trial court, recovering damages for the time he was out of work, bonus lost by reason of his resignation, and expenses incurred in obtaining new employment.

In reversing, the court held that, if the contract was for an indefinite period, it was terminable at will and the employer incurred no liability for not allowing the employee to start. On the other hand, if the contract was for a period of one year to be commenced thirty-seven days after the agreement was made, the action was barred by the Statute of Frauds because it was not in writing and signed by the defendant. In the words of the court, at 644, "Action on such a contract is precluded because of the Statute of Frauds. To allow recovery on the theory of promissory estoppel would abrogate the purpose and intent of the legislature in enacting the Statute of Frauds and would nullify its fundamental requirements." So it would be here.

The judgment is affirmed.

SIMON, P.J., and KAROHL, J., concur.