Charles C. SHAFER, Jr., Trustee, West Terrace Trust, Appellant,

v.

WESTERN HOLDING CORPORATION, et al., Respondents.

No. WD 34963.

Missouri Court of Appeals,
Western District.

June 26, 1984.

Charles C. Shafer III, Kansas City, for appellant.

Alvin D. Shapiro, Patrick A. Woodley, Kansas City, for respondents.

Before TURNAGE, C.J., and SHANGLER and NUGENT, JJ.

TURNAGE, Chief Judge.

Charles C. Shafer, Jr., as trustee of West Terrace Trust, appeals following the entry of summary judgment against him in a suit he brought for specific performance of a real estate contract. Shafer contends the court erred in converting a motion to dismiss to a motion for summary judgment; in entering summary judgment without giving him the opportunity to show that an oral contract existed; in dismissing his claim founded on tortious interference with a business relationship; and in entering summary judgment although two writings existed to satisfy the statute of frauds. Affirmed.

Shafer alleged that as the trustee of West Terrace Trust he signed a contract to purchase the Casa Loma Apartments in Kansas City which were owned by Western Holding Corporation. Shafer alleged that he made an offer to purchase and signed a contract for purchase which Western had prepared. A copy of the contract was attached to the petition but such contract was not signed by Western. After filing

the petition Shafer caused a lis pendens to be filed.

Western and the other defendants, Arthur Fels Company and Clifford Trenton, filed a motion to dismiss and gave notice that they were calling up the motion. At the hearing on the motion, counsel for all defendants argued that the petition did not state a cause of action. Defendants produced neither evidence nor affidavits.

At the conclusion of that argument, Shafer took the witness stand and testified concerning his efforts to purchase Casa Loma Apartments. Shafer stated that he had prepared a contract of sale and submitted it to Western. Western did not sign that contract but instead caused a contract to be drafted and submitted to Shafer. That latter contract was not signed by Western, but Shafer signed it without change and returned it to Western with a check for a down payment in the amount of $30,000. The down payment was paid to McDaniel Title Company.

Shafer testified that after he had signed the contract and sent the down payment to McDaniel he was told by an attorney for Western that the deal was all right except that Western wanted to make a few changes in the wording. Shafer said that was fine. Shafer said he also received a handwritten note from Clifford Trenton, the president of Western, which was a disclosure statement required by the Missouri Real Estate Commission and which disclosed that Trenton was a stockholder of Arthur Fels Company, the owner of all of the stock of Western Holding. That memo made no mention of the sale of Casa Loma.

The motion to dismiss was based on the fact that there was no writing signed by Western as required by the statute of frauds, § 432.010, RSMo 1978.

At the conclusion of Shafer's evidence the court announced that the motion to dismiss filed pursuant to Rule 55.27 would be converted to a motion for summary judgment pursuant to Rule 55.27(a). That rule provides that if matters outside the pleadings are presented and not excluded by the court the motion to dismiss shall be treated as one for summary judgment and disposed of as provided for in Rule 74.04. Rule 74.04 provides that a motion for summary judgment shall be served at least 10 days before the time fixed for a hearing.

■ Shafer first contends that the court was not authorized to enter summary judgment against him because it failed to notify him that the motion was converted to a motion for summary judgment. Shafer should have known that, under Rule 55.-27(a), when he presented evidence beyond the pleadings, the motion was thereby converted into a motion for summary judgment.

■ Shafer further contends that he was not given a reasonable opportunity to present all of his evidence and that if given the opportunity he could prove the equitable exceptions which exist to avoid the harsh application of the statute of frauds. The court asked Shafer at the conclusion of his evidentiary presentation if he had any further evidence and Shafer indicated he did not. Further, the petition did not plead an exception to the statute of frauds but pleaded the existence of a contract. Therefore the court did not err in entering summary judgment.

Shafer further contends the court should have given him the 10 days notice required by Rule 74.04 that the motion was being converted to a motion for summary judgment. This court is not aware of any Missouri cases on this question. Shafer cites *Laclede Gas Company v. Hampton Speedway Company*, 520 S.W.2d 625 (Mo.App. 1975), in which the court stated that it is important for the trial court to give the parties notice of the changed status of the motion to dismiss and a reasonable opportunity to present all of their material relevant to a motion for summary judgment. *Id.* at 629[1, 2]. *Laclede* is not applicable to the facts here because in that case no evidence beyond the pleadings was introduced at the hearing on the motion to dismiss. As already observed, Shafer was placed on notice that the motion was converted when he introduced evidence beyond

the pleadings. Also, the court advised the parties at the conclusion of the hearing that it would consider the motion as having been converted.

The requirement of giving the 10 days notice under the circumstances existing here was considered in *Dayco Corporation v. Goodyear Tire & Rubber Company*, 523 F.2d 389 (6th Cir.1975). In *Dayco*, affidavits were filed by all parties following a motion to dismiss. Federal Rule 12(b) is identical to Rule 55.27(a) and Federal Rule 56 is identical to Rule 74.04. The court noted in the provision of Rule 12(b) that, after the conversion of a motion to dismiss into a motion for summary judgment, all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56. The court held that the "reasonable opportunity" language is designed to prevent unfair surprise to the parties. The court said that *Dayco* could not claim surprise because it made no effort to exclude other affidavits filed and in fact filed its own affidavits. The court held that under the circumstances the trial court was required to proceed under Rule 56 and notice to the parties that it was doing so would simply inform them of what they should already have known. *Id.* at 393. The court in *Dayco* further stated that whether or not notice of conversion is required depends on the circumstances of the case.

This court agrees with the rationale in *Dayco*. Shafer had notice that the motion to dismiss was being called for hearing. He went to the hearing obviously prepared to offer evidence and did so. The defendants did not offer any evidence or affidavits. Shafer was allowed to present all of the evidence he desired. He does not contend that he did not have proper notice that the motion to dismiss was going to be heard or that he did not have ample opportunity to present all of the evidence he had to offer.

■ When Shafer introduced evidence beyond the pleadings he should have known that the motion was converted to a motion for summary judgment. Formal notice given pursuant to Rule 74.04 that the motion to dismiss was converted to a motion for summary judgment would only have informed him of that which he should have known. Under the circumstances of this case Shafer was not surprised by the conversion of the motion. The court was not required to give the 10 days notice in Rule 74.04 and properly acted on the motion as one for summary judgment.

Shafer further contends that by entering summary judgment the court prevented him from amending his petition. After judgment Shafer did not seek to have the judgment set aside nor did he request other relief. Shafer has also failed to demonstrate to this court facts which he wants to insert in an amended pleading. He contends in purely conclusory language that he might have shown equitable estoppel. If additional facts could be shown they have not been stated to the trial court or to this court.

■ Shafer offered all of the evidence which was presented at the hearing. The defendants do not contend that there are facts to the contrary. Thus, the requirement of summary judgment that no facts be disputed has been satisfied. The facts adduced clearly illustrate that Western had not signed a written contract, and that summary judgment was mandated by the statute of frauds.

Shafer also contends that the entry of summary judgment deprived him of the opportunity to prove facts which would take this case out of the statute of frauds and show the existence of a valid oral contract. However, Shafer failed to allege in his petition facts which would remove this case from the operation of the statute.

■ Shafer relies on *Walker v. Bohannan*, 243 Mo. 119, 147 S.W. 1024 (1912), for his argument that courts have engrafted exceptions to the statute of frauds to avoid the sometimes harsh results which would flow from the strict application of the statute. Shafer overlooks the holding in *Walker* that the contract pleaded must be the contract proven. *Id.* at 1029[2, 3]. Shafer

did not plead an oral contract as an exception to the statute of frauds nor did he plead other facts which would constitute fraud. Thus, he would not have been entitled to prove an oral contract since he had not pleaded it. The court did not err in granting summary judgment because of this contention.

■ Shafer next contends that the court should not have granted summary judgment on Count II because that count pleaded a tortious interference with a business relationship. In Count II Shafer pleaded that Fels and Trenton knew that a business relationship existed between the Trust and Western, but that Fels and Trenton for ulterior reasons of their own "intentionally interfered with the offer by Western and plaintiff's acceptance thereof, so as to prevent Western from executing the contract and delivering the property." The count further alleges that Fels and Trenton intentionally caused Western to breach its business relationship with Shafer and did so without any announced justification. The requirements for a pleading to state a cause of action for interference with a commercial or business relationship are set out in *Francisco v. Kansas City Star Company Inc.,* 629 S.W.2d 524, 529[1, 2] (Mo.App. 1981), quoting from *Downey v. United Weather Proofing,* 363 Mo. 852, 253 S.W.2d 976 (1953). Shafer correctly points out that it is not necessary to have a valid contract in order to maintain an action for a tortious interference, but that an interference with a reasonable expectancy of commercial relations is sufficient. The facts alleged in the petition indicate that Shafer is complaining about an interference with the offer which he made to Western to purchase the Casa Loma Apartments. Thus, the only business relationship with Western which was alleged was the existence of an offer to purchase real estate. In *Leibovitz v. Central Nat. Bank,* 75 Ohio App. 25, 60 N.E.2d 727 (1944), the court held that an action for wrongfully preventing one from entering into a contract requires that the aggrieved party establish that but for such interference the contract would have been made. In *Leibovitz* the

court quoted from *Lewis v. Bloede,* 202 F. 7, (4th Cir.1912). In *Lewis* the court stated at 17:

> When the parties have entered into a contract, the terms of which are fixed, the plaintiff is only required to show the malicious interference and the damage proximately resulting; whereas, if the ground of complaint is that he was about to make a contract, he is required to go further and show that he was not only "about to," but would, but for the malicious interference of defendants, have entered into the contract, etc.

■ The petition does not allege in clear cut language that, but for the interference of Fels and Trenton, Western would have entered into a contract with Shafer for the sale of the Casa Loma. However, even if it be assumed the required pleading existed, Shafer's evidence did not show that Western ever made a definite offer to Shafer. The only potential offer was the contract sent by Western to Shafer, but Shafer testified that he was told Western wanted to change some of its language. The nature of the change was never communicated to Shafer. Thus, Shafer's own evidence demonstrates there was no definite offer outstanding from Western to Shafer which Shafer could have accepted, with which Fels and Trenton could interfere. The existence of a definite offer must precede an acceptance in order to find the existence of a contract. *Coffman Industries, Inc. v. Gorman-Taber Co.,* 521 S.W.2d 763, 769[3–5] (Mo.App. 1975). Absent a definite offer Shafer could not have entered into a contract with Western and, until such definite offer was made, there was no offer subject to interference. The court correctly entered summary judgment for the defendants on Count II.

■ Shafer finally contends that there were two writings sufficient to satisfy the statute of frauds. The first of these is the contract which Western sent to Shafer but which was not signed by Western. Stated simply, the contract was not signed by Western when sent to Shafer and the copy

attached to Shafer's petition shows that it was not signed at the time suit was filed. Nor does Shafer contend that the contract was signed by Western thereafter. Section 432.010 requires that a contract for the sale of real estate be in writing and be signed by the party to be charged therewith. The contract may have been prepared by Western and sent to Shafer, but it was never signed by Western. It follows of necessity that since Western never signed the contract it cannot satisfy the statute.

Shafer contends that the disclosure signed by Trenton is sufficient to satisfy the statute. The disclosure is not signed by anyone but is simply a handwritten statement that Trenton is a stockholder of Fels' company which is the owner of all of the outstanding stock of Western. The statement continues that the disclosure is made in compliance with the rules of the Missouri Real Estate Commission because Trenton is a licensed real estate broker in Missouri. It is well settled that to satisfy the statute the writing must be complete in itself and must leave no essential part to be proved by parol. *Gillespie v. Pulsifer*, 655 S.W.2d 123, 125[1] (Mo.App.1983). It is apparent that the memo which made no mention of a sale of real estate, much less of the terms of such sale, does not meet the requirements of the statute.

The judgment is affirmed.

All concur.