SALES SERVICE, INC., d/b/a
Brandpow'r International,
Ltd., Plaintiff/Appellant,

v.

DAEWOO INT'L (AMERICA) CORP.,
Defendant/Respondent.

No. 55000.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 25, 1989.

---

Clooney & Anderson, Timothy R. Anderson, St. Louis, for plaintiff/appellant.

William H. Leyhe, III, St. Louis, for defendant/respondent.

KAROHL, Judge.

Plaintiff, Sales Service Incorporated, d/b/a Brandpow'r International Ltd., appeals from order granting summary judgment favoring defendant, Daewoo Int'l (America) Corp. Court I was submitted on the theory of breach of a three year contract and Count II was submitted on the theory of promissory estoppel. The trial court entered judgment on Count I after finding, as a matter of law, that letters signed by Daewoo did not set forth the terms of the contract between the parties so as to overcome the statute of frauds, § 432.010 RSMo 1978. On Count II the trial court found the bar of statute of frauds also foreclosed the alternative theory of recovery based on a claim of promissory estoppel.

On appeal, Sales Service contends writings signed by Daewoo are sufficient to satisfy the statute of frauds, § 432.010 RSMo 1978, and the statute is not a legal bar to the recovery of damages based upon promissory estoppel. We affirm.

Missouri Statute of Frauds provides in pertinent part:

> No action shall be brought … upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith. …

Section 432.010 RSMo 1978. This statute governs the contract in dispute.

The summary judgment facts are these. In May 1978, Robert Laughlin, president of Sales Service, entered into an oral contract with Terry Yoo, director of Daewoo. Sales Service was to perform consultation services for Daewoo for three years at $40,000 a year, plus two percent of the total sales of Daewoo Housewares payable in monthly increments. Sales Service sent a letter dated May 22, 1978, which accepted the position with Daewoo and stated the above agreed upon terms. Daewoo did not acknowledge receipt of this letter or enter into a written employment contract with

Sales Service. Daewoo sent numerous business letters to Sales Service which are equally consistent with an oral agreement. Sales Service performed consultation services for Daewoo for twenty-three months and received checks of $3,333 per month, totaling $40,000 a year, plus two percent of the total sales of Daewoo Housewares in monthly increments. In a letter dated April 18, 1980, Daewoo informed Sales Service that it "would like to change the present working arrangement by the end of April 1980," and that it would find another person to perform consultation services. Thereafter, Sales Service brought suit to recover monies from Daewoo that it would have received from May 1980, to May 1981, if Daewoo had not terminated the relationship and ceased payment.

It was stipulated by the parties that the correspondence and other writings attached to Sales Service's memorandum of law in opposition to Daewoo's motion for summary judgment constituted the entire "written memoranda" exchanged by the parties. These writings included:

1) Sales Service's letter dated May 22, 1978, signed by Robert Laughlin, president. A three year agreement is noted.

2) Daewoo's unsigned letter dated June 16, 1979. There is no mention of a three year agreement nor is Sales Service's letter incorporated by reference.

3) Daewoo's letter dated October 12, 1979, signed by C.H. Kim. [President of Daewoo]. There is no mention of a three year agreement nor is Sales Service's letter incorporated by reference.

4) Daewoo's letter dated February 19, 1980, signed by C.H. Kim. There is no mention of a three year agreement nor is Sales Service's letter incorporated by reference.

5) Daewoo's letter dated April 18, 1980, signed by C.H. Kim. There is no mention of a three year agreement nor is Sales Service's letter incorporated by reference.

6) Daewoo's letter dated August 20, 1980, signed C.H. Kim. There is no mention of a three year agreement nor is Sales Service's letter incorporated by reference.

7) Daewoo's letter dated March 31, 1981, signed by C.H. Kim. There is no mention of a three year agreement nor is Sales Service's letter incorporated by reference.

The trial court found the written memoranda attached to Sales Service's memorandum in opposition to Daewoo's motion for summary judgment did not suffice as a written contract or written memoranda signed by Daewoo to remove the contractual agreement from the statute of frauds. The court further found Sales Service had failed to plead grounds to invoke the doctrine of promissory estoppel. It sustained the motion for summary judgment on both counts.

Sales Service claims the court erred in finding the written memoranda signed by Daewoo, when taken together, were not sufficient to satisfy the statute of frauds. It also claims Count II of the second amended petition was sufficient to invoke the doctrine of promissory estoppel, which is an available remedy even where the statute of frauds bars recovery on an oral contract. We affirm.

Summary judgment is an appropriate vehicle for assertion of an affirmative defense entitling the party to judgment as a matter of law. *Kennon v. Citizens Mutual Insurance Co.*, 666 S.W.2d 782, 784 (Mo. App.1983). Daewoo raised the statute of frauds as an affirmative defense. Daewoo asserted that Sales Service's cause of action in contract violated the statute of frauds, § 432.010, because an oral contract not to be performed within one year must be in writing. Therefore, Daewoo contends it was entitled to summary judgment as a matter of law.

The alleged oral contract was to be performed over a period of three years. Sales Service provided services for Daewoo for twenty-three months under an agreement which was written or oral. The statute of frauds bars Sales Service's cause of action absent writings signed by Daewoo which state the terms of the agreement between the parties. Section 432.010 RSMo 1978.

■ At the hearing on Daewoo's motion, the parties stipulated all writings signed by the parties involving the employment agreement were before the court. These writings evidenced that Sales Service "worked for Daewoo Housewares." However, none of the letters or memoranda signed by Daewoo, either expressly or by reference to other writings, defined the terms of any contract. Rather, the letters and memoranda spoke of inventory problems, a pricing system, sample products, a change in the present working arrangement and settling accounts between Sales Service and Daewoo. Individually and collectively they are as consistent with an oral contract as one in writing.

Sales Service wrote the only letter which stated the terms of "employment." In this letter Sales Service agreed to work for three years for Daewoo commencing May 23, 1978, at a rate of $40,000 per year, plus two percent of the total sales of Daewoo Housewares payable in monthly increments. This letter does not satisfy the statute of frauds. It was not "signed by the party (Daewoo) to be charged therewith." Section 432.010 RSMo 1978.

■ The facts do not allow Sales Service to rely on this letter in combination with the writings signed by Daewoo. The writing required to satisfy the statute of frauds need not be contained in a single document. *Wheeler v. Blanton,* 253 S.W.2d 497, 499 (Mo.App.1952). However, when separate documents are relied on to establish existence of written agreement in compliance with statute of frauds, they must be connected by express reference to one another or by clear implication established through their respective contents. *Mayer v. King Cola Mid–America, Inc.,* 660 S.W.2d 746 (Mo.App.1983). Because Daewoo did not integrate Sales Service's letter, or incorporate its terms by reference in its subsequent letters and memoranda, this letter is insufficient to establish existence of a written agreement of the parties in compliance with the statute of frauds.

■ To satisfy our statute of frauds, written employment agreements must contain all essential terms of the agreement, one of which is duration of the employment relationship. *Campbell v. Sheraton Corp. of America,* 253 S.W.2d 106, 110 (Mo.App. 1952). The writings signed by Daewoo contain no mention of duration of the employment relationship. As a result, the agreement was oral. It merely created an employment at will which was terminable at anytime by either side with no liability for breach of contract. *Campbell,* 253 S.W.2d at 10.

■ Sales Service has alleged full performance of its contractual obligations to the extent possible. By its allegations, Sales Service would have fully performed its part of the agreement if permitted to continue to work for Daewoo until May, 1981. The termination of the relationship by Daewoo prevented Sales Service from performing the services their oral agreement contemplated. Early termination of the agreement by Daewoo, "does not convert partial performance into full performance such as will remove the cause from the requirements of the statute of frauds." *Satterfield v. Missouri Dental Association,* 642 S.W.2d 110, 112 (Mo.App.1982). Daewoo's motion for summary judgment on Count I is affirmed.

■ Count II of Sales Service's second amended petition seeks to invoke the doctrine of promissory estoppel to allow Sales Service to recover on the three year oral contract despite the statute of frauds. The parties disagree on whether a claim based upon the doctrine of promissory estoppel may succeed where breach of contract based on the same set of facts is barred by the statute of frauds. The three elements of promissory estoppel are a promise which: (1) the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person; (2) does induce action or forbearance; and, (3) is held binding because injustice can be avoided only by enforcement of the promise. *Footwear Unlimited, Inc. v. Katzenberg,* 683 S.W.2d 291, 296 (Mo.App.1984). Sales Service's second amended petition pleads the three elements necessary to invoke the doctrine of promissory estoppel.

In support of its claim Sales Service relies on *Footwear Unlimited.* There, the contract in dispute was a ten year lease of a warehouse. The statute of frauds governed this contract. Defendant appealed a grant of a new trial following a jury verdict because of instructional error.

The court held that the trial court did not err in granting a new trial because of instruction errors. The trial court determined that it erred in submitting the lease issue because of insufficient evidence and the promissory estoppel issue because the instruction improperly included fraud as an element. The court did not hold that plaintiff may recover on a theory of promissory estoppel where enforcement of the same contract is barred by the statute of frauds. Instead, the court held that a grant of new trial was appropriate based on instructional errors which affected the jury verdict. *Footwear Unlimited* did not decide, and it was not necessary for the court to decide, whether plaintiff may prevail on its claim of promissory estoppel if the statute of frauds barred recovery on the "lease."

Daewoo claims the court correctly granted the motion for summary judgment on Count II based on *Mayer v. King Cola Mid–America, Inc.,* 660 S.W.2d 746 (Mo. App.1983). The court in *Mayer* held that an employee could not use the doctrine of promissory estoppel to avoid employer's reliance on the statute of frauds because the employee's case was "wanting in all three elements," necessary to invoke promissory estoppel. *Mayer,* 660 S.W.2d at 749. Our case is distinguishable from *Mayer.* Here, Sales Service has pled the elements necessary to invoke the doctrine of promissory estoppel.

On the merits we reach the same result. To allow recovery on the theory of promissory estoppel, where action on an employment contract is precluded by the statute of frauds, "would abrogate the purpose and intent of the legislature in enacting the statute of frauds and would nullify its fundamental requirements." *Morsinkhoff v. DeLuxe Laundry and Dry Cleaning Co.,* 344 S.W.2d 639, 644 (Mo.App. 1961). In *Morsinkhoff* plaintiff entered into an oral employment contract with defendant. The evidence was in conflict as to whether the duration of the employment relation was to be one year or for an indefinite period. Defendant refused to allow plaintiff to commence work under the agreement. Plaintiff sued for breach of contract.

The court found plaintiff's cause of action "must be rooted in defendant's breach of contract." *Morsinkhoff,* 344 S.W.2d at 644. Because plaintiff testified the contract was for a year, his action was precluded by the statute of frauds. The court also did not allow plaintiff to recover on a theory of promissory estoppel and thus circumvent the operation of the statute of frauds. Allowing the plaintiff to recover on a theory of promissory estoppel, the court said, would defeat the intent of the legislature in enacting the statute of frauds. *Id.*

"The statute of frauds was designed to avoid dangers which developed in permitting title to real estate and contracts as to other weighty matters to rest in parol." *Tuckwiller v. Tuckwiller,* 413 S.W.2d 274, 278 (Mo.1967). The statute requires contracts which cannot be performed within one year to be in writing. Section 432.010 RSMo 1978. The statute protects both parties to a contract. Where there are no writings sufficient to satisfy the statute of frauds, as is the case here, there is no mutuality of obligation. *Morsinkhoff,* 344 S.W.2d at 644. "The employee may quit at anytime or never start performance and suffer no liability." *Id.*

Likewise, there is no mutuality of obligation between Sales Service and Daewoo in the instant case. Both parties were free to terminate the relationship at any time without suffering liability. Allowing one party to impose mutuality of obligation on the other under the doctrine of promissory estoppel would nullify the statute of frauds. Therefore, we hold that Sales Service, an employee at will whose contract is governed by the statute of frauds, may not recover on a theory of promissory estoppel where a claim for breach of contract on the

same set of facts is barred by the statute of frauds.

We review summary judgment in a manner equivalent to review of court tried proceeding and if, as a matter of law, judgment is sustainable on any theory, it must be sustained. *Rue v. Helmkampf,* 657 S.W.2d 76, 80 (Mo.App.1983); *Snowden v. Northwest Missouri State University,* 624 S.W.2d 161, 165 (Mo.App.1981). We scrutinize the record in a light most favorable to the party against whom summary judgment was rendered. *Kennon,* 666 S.W.2d at 784. By these standards we find no error. The writings were insufficient and promissory estoppel is not available as an alternative or substitute theory of recovery where the provisions of the statute of frauds are pertinent to the terms of promise alleged by plaintiff.

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.