James J. FIELDS, Plaintiff–Appellant,

v.

R.S.C.D.B., INC., Symcor Companies, Inc., Kenneth D. Symsack and Brian Symsack, Defendants–Respondents.

No. 63740.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 30, 1993.

Robert J. Danis, Robert L. Nussbaumer & Associates, St. Louis, for plaintiff-appellant.

Douglas P. Dowd, Dowd & Dowd, P.C., St. Louis, for defendants-respondents.

SMITH, Judge.

Plaintiff, James J. Fields, sued R.S.C.D.B., Inc., Symcor Companies, Inc., Kenneth D. Symsack and Brian Symsack for breach of an alleged five year oral employment agreement and tortious interference with the same agreement. Defendants asserted the statute of frauds, § 432.010 RSMo 1986, as a defense. Plaintiff concedes the agreement could not be performed within one year's time and that it was not alleged to have been written. The trial court dismissed the case for failure to state a cause of action.

Plaintiff appeals arguing that the contract should be enforced under the doctrine of promissory estoppel. Additionally, plaintiff contends that an allegation in his petition claiming defendants may have created a document memorializing the agreement is sufficient to overcome the trial court's dismissal.

█ In reviewing the sufficiency of a petition to which a motion to dismiss is directed, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiff, the averments invoke principles of substantive law entitling plaintiff to relief. *Lowrey v. Horvath*, 689 S.W.2d 625 (Mo. banc 1985) [1].

█ Plaintiff's reliance on promissory estoppel fails to remove the oral employment agreement from the statute of frauds. A well established line of cases has specifically refused to recognize estoppel in the context of oral employment agreements. *Morsinkhoff v. De Luxe Laundry & Dry Cleaning Co.*, 344 S.W.2d 639 (Mo.App.1961); *Mayer v. King Cola Mid–America, Inc.*, 660 S.W.2d 746 (Mo.App.1983); *Sales Service, Inc. v. Daewoo Int'l (America) Corp.*, 770 S.W.2d 453 (Mo.App.1989); *McCoy v. Spelman Memorial Hosp.*, 845 S.W.2d 727 (Mo.App.1993). Plaintiff fails to present any argument for deviating from the course laid down by this line of cases, and does not attempt to distinguish them.

█ Plaintiff further attempts to avoid dismissal by noting his petition alleges defendants "caused and directed to have prepared certain documents memorializing" the employment agreement. This allegation was based on plaintiff's "best information and belief". Plaintiff contends this allegation is sufficient to preclude a dismissal and should allow his cause to move forward to discovery.

█ In order to satisfy the statute of frauds a writing memorializing an agreement must be complete in and of itself, leaving no essential part to be proved by parole. *Shafer v. Western Holding Corp.*, 673 S.W.2d 117 (Mo.App.1984) [10]. Although a petition is only required to plead ultimate facts, "[m]ere conclusions of the pleader that are not supported by factual allegations are disregarded in determining whether a petition states a cause of action on which relief can be granted." *Johnston v. Norrell Health Care, Inc.*, 835 S.W.2d 565 (Mo.App.1992) [1, 2], *quoting, Lick Creek Sewer Sys. v. Bank of Bourbon*, 747 S.W.2d 317 (Mo.App.1988) [2].

The allegations in plaintiff's petition are insufficient to preclude dismissal. Plaintiff's petition fails to allege a writing containing all the elements of the employment agreement signed by the contracting party. Plaintiff's claim that the purported writing "memorializes" the agreement is a pure conclusion without allegations of more specific facts. If this allegation were sufficient to preclude dismissal any plaintiff in this situation could avoid dismissal by the mere expedient of

including this conclusory and speculative allegation within the petition.

 Plaintiff's claim of tortious interference with a contractual relationship or business expectancy is equally without merit. Without a contract specifying the term of employment, the employment is deemed at will and hence there is no valid expectation of employment for any duration. *See Sales Service, Inc. v. Daewoo Int'l (America) Corp.*, 770 S.W.2d 453 (Mo.App.1989) [4]. Additionally, a claim for tortious interference with contractual relations contemplates interference from a third party, not from a party to the contract itself. *White v. Land Clearance for Redev. Auth.*, 841 S.W.2d 691 (Mo. App.1992) [10]. The individual defendants were alleged to have acted as officers and agents of the corporate defendants. Corporations can only act through their agents. An officer or agent acting for the corporation is the corporation for purposes of the tort alleged here.

Defendants ask this court to impose sanctions on plaintiff for filing a frivolous appeal. Rule 84.19. Sanctions for a frivolous appeal will not be imposed if the issues on appeal are fairly debatable. *Blackstock v. Farm & Home Sav. Ass'n*, 792 S.W.2d 9 (Mo.App.1990) [3–7]. The test generally used is whether the appeal presents any justiciable question and whether it is so readily recognizable as devoid of merit on the face of the record that there is little prospect of success. *Id.* at [3–7]. The appeal before us meets these criteria. The law holding promissory estoppel does not take an oral employment contract out of the statute of frauds is well established. Plaintiff made no reference to that line of cases in his brief, made no attempt to distinguish them, and made no argument that existing authority should be overruled. His additional contentions were similarly without color of merit. This appeal was frivolous and should not have been brought. We assess damages for frivolous appeal at $2,000.

The order of the trial court is affirmed and damages for frivolous appeal in the amount of $2,000 are assessed against plaintiff James J. Fields and in favor of defendants.

CARL R. GAERTNER, P.J., and AHRENS, J., concur.