Vernon JACKSON, Respondent,

v.

Frankie E. SHAIN, Appellant.

No. WD 32057.

Missouri Court of Appeals,
Western District.

June 30, 1981.

Eric Benson Tanner, Kansas City, for appellant.

Donald G. Stubbs, Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The plaintiff Jackson sued for the specific performance of an oral agreement, concluded between counsel, to settle a quiet title suit pendent against defendant Shain. The answer of the defendant set up the bar of the Statute of Frauds and also that the agreement was without authority. The court found that the settlement agreement was sufficiently performed by the plaintiff to avoid the effect of the Statute of Frauds, and entered specific performance for that party. The defendant appeals.

The subject of the oral agreement between counsel was a suit brought in two counts by Jackson against Shain to quiet title to certain real estate and for ejectment of the defendant from possession of the premises, along with damages for the rental value of the property. The plaintiff and defendant each claimed under a separate deed to the same land. The plaintiff was represented by attorney Stubbs and the defendant, by attorney Tucker. In the course of discussion, attorney Tucker proposed a settlement whereby the defendant [client Shain] would vacate the premises six months hence, convey the premises by quitclaim deed to the plaintiff, and the plaintiff would relinquish all claims for rents and injury to the premises and pay the fire insurance premium for the current year. These terms orally concluded were written into a settlement agreement and presented to the defendant for signature. In the interim, the plaintiff remitted the fire insurance premium payment. The defendant rejected the terms as not authorized and discharged attorney Tucker from the case. Thereafter, the plaintiff amended the petition to add a count for the specific performance of the settlement agreement. The theory of that recovery—and the basis for the adjudication—was that the payment of the fire insurance premium was sufficient performance to remove the agreement from

the effect of the Statute of Frauds. The judgment ordered the consummation of the settlement contract and operated to convey to the plaintiff Jackson the real estate in contention.

■ The Statute of Frauds [§ 432.010, RSMo 1978] provides that no action shall be brought to charge any person "upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them" unless the agreement upon which the action rests be "in writing and signed by the party to be charged." A settlement contract need not be written for efficacy unless the subject matter of the compromise falls within the Statute of Frauds. In that determination, the intended effect of the compromise, and not the nature of the antecedent claim governs the applicability of the Statute of Frauds. *DeWitt v. Lutes*, 581 S.W.2d 941, 945[3–5] (Mo.App.1979). An oral agreement to convey real estate falls within the operation of § 432.010. *Poole v. Campbell*, 289 S.W.2d 25, 30[3] (Mo.1956). One effect of the oral compromise was to transfer the land by quitclaim deed and hence the transaction was governed by the terms of the statute.

■ The strict terms of the statute for a written expression of agreement notwithstanding, equity will enforce an oral contract to convey real estate to prevent a virtual fraud or gross injustice to one of the contractors who has already performed. *Tuckwiller v. Tuckwiller*, 413 S.W.2d 274, 280[7] (Mo.1967). To induce that favor of equity the performance must amount to cogent evidence of a contract to convey, that the acts done were in reliance upon the contract, that the performance so materially changed the positions of the contractors that restitution becomes inadequate and gross injustice can be avoided only by enforcement of the oral agreement. *Jones v. Linder*, 247 S.W.2d 817, 820[5] (Mo.1952).

■ The trial court found that the defendant Shain authorized her counsel Tuck-er to enter "into a contract for the settlement of this action."[1] That determination does not adjudicate that the compromise counsel Tucker proposed to [and accepted by] counsel for the plaintiff was in terms of the authority given by the client to counsel Tucker for that purpose. [See, e. g., *Southwestern Bell Telephone Company v. Roussin*, 534 S.W.2d 273, 276[3–5] (Mo.App. 1976)]. We assume for purpose of opinion that the authority granted counsel coincides with the actual terms of the settlement proposed and conclude, nevertheless, that the performance by the plaintiff was not sufficient to avoid the stricture of the Statute of Frauds that a promise of the person charged to convey real estate be in a writing.

■ The order for specific performance of the oral settlement agreement rests entirely on evidence that the plaintiff remitted to the fire insurance carrier a premium of $129 for the annual policy period from June 27, 1978—conformable to the verbal terms of compromise. The partial performance which takes an oral promise to convey real estate out of the Statute of Frauds, however, is an act done in reliance on the oral terms which changes the position of the contractor-actor so materially that to invoke the statute to deny the performer the benefit of agreement would itself amount to a fraud. *Walker v. Bohannan*, 243 Mo. 119, 147 S.W. 1024, 1029 (1912). The plaintiff gave up $129, but the payment of money can be restored by other remedy, and to deny the conveyance of the real estate on that account can work no injustice. *Alonzo v. Laubert*, 418 S.W.2d 94, 97[7–9] (Mo. 1967). The performance upon which the avoidance of the Statute of Frauds depends, moreover, must be referable altogether to the contract sought to be enforced. *Watkins v. Watkins*, 397 S.W.2d 603, 609[2, 3] (Mo.1965). The payment of the insurance premium protected the interest of the plaintiff in the premises and so was not an act consistent only with the performance of the oral contract terms. Nor does the *non-*

**1.** The *conclusion of law* (1.) inadvertently recites:

"The plaintiff [rather than the defendant], acting through her duly authorized attorney, Marvin L. Tucker, entered into a contract for the settlement of this action."

*action* by the plaintiff to remove the defendant Shain from the premises or assert damages for rent and waste amount to an *assertion* of performance referable solely to the oral contract. For this reason a *non-action* does not manifest the performance which cogently proves an oral contract and overcomes the stricture of the Statute of Frauds. *Zink v. Pittsburg & Midway Coal Mining Co.*, 374 S.W.2d 158, 163[7–9] (Mo. App.1964); *Jones v. Linder*, supra, l.c. 820[5, 6].

The evidence shows no substantial basis for the intervention of equity to enforce the oral promise to convey the real estate. The plaintiff has a ready remedy for restitution of the money paid. The courts for a quiet title action and ejectment, dismissed without prejudice consequent to the entry of a favorable judgment for specific performance, are not foreclosed. Rule 67.03. The plaintiff suffers no injustice by the refusal of the specific enforcement of the oral agreement to convey the real estate.

The judgment is reversed and remanded with directions to enter judgment for the defendant and to allow the motion of the plaintiff to reinstate Counts I and II.

All concur.