**Michael MEINHOLD,
Appellant-Respondent,**

v.

**Mike H. HUANG, Respondent-Appellant.**

**Nos. 48169, 48193.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 29, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 26, 1985.

Application to Transfer Denied
April 30, 1985.

H. Kent Munson, St. Louis, for appellant-respondent.

Francis L. Ruppert, Clayton, for respondent-appellant.

GAERTNER, Judge.

Plaintiff Michael Meinhold and defendant Mike Huang each appeal from the order of the trial court granting Huang's motion for a new trial, but denying Huang's motion for judgment n.o.v. after the jury returned a verdict for Meinhold for $33,898.50 in Meinhold's action submitted on the theory of promissory estoppel. We affirm the action of the trial court and remand the cause.

Huang contends the trial court erred in not granting his motion for judgment n.o.v. because Meinhold's action is barred by the Statute of Frauds. Meinhold contends the trial court erred in granting a new trial on the ground that his verdict directing instruction should have submitted a breach of contract theory, rather than the not-in-MAI promissory estoppel verdict director.

We view the evidence in the light most favorable to plaintiff. A Mr. Richel, who lived in Germany, gave Meinhold a power of attorney to dispose of some Nevada real estate owned by Richel. Meinhold asked Huang, a family friend and licensed real estate broker, to help sell the property. He was successful and the real estate was sold for cash and a promissory note. The note was then discounted for approximately $55,000.00.

Before Meinhold actually received this sum, Huang approached him with a business proposition. He told Meinhold a profit could be made by building and selling houses in St. Charles County. Huang said he was in contact with an experienced home-builder, who was also interested in such a venture. It was Huang's proposal that a corporation be organized by the three of them. With financing from Meinhold's contribution of the $55,000.00, and the use of Huang's and the builder's credit, three or more residences could be constructed in less than a year and the $55,000.00 could then be repaid to Richel. To overcome Meinhold's reluctance, Huang promised that if the corporation did not repay the money, he would personally guarantee repayment within a year.

When the check for the $55,000.00 arrived, Meinhold endorsed it over to Huang. About one month later, in April, 1979, the corporation, General Properties Corporation, was organized. Bank financing was obtained on which Huang and the builder were personal guarantors. Three lots were purchased and eventually one residence constructed.

In June, 1979, Meinhold asked Huang for some documentation of where the $55,-000.00 had gone. A week later he was presented with a promissory note of the corporation in the sum of $54,000.00 payable in monthly installments of $620.00 for twelve years. He also received 1,000 shares of stock in General Properties Corporation. The corporation paid five monthly installments on the note. One home was constructed and sold as were the other two lots. Meinhold received approximately $18,000.00 from the proceeds of these sales.

## HUANG'S APPEAL

■ Huang appeals from the denial of his motion for judgment n.o.v. contending Meinhold's claim against him is barred by the Statute of Frauds, § 432.010, RSMo. 1978. Because the granting of his alternative motion for a new trial erased the judgment against him, there is no final appealable judgment. Therefore, his appeal must be dismissed. *Robbins v. Jewish Hospital of St. Louis*, 663 S.W.2d 341, 344 (Mo.App. 1983). Nevertheless, where a plaintiff appeals asserting error by the trial court, the defendant may contest the submissibility of plaintiff's case, an issue inherent in every appeal. *Id.*

Section 432.010, provides, in pertinent part:

No action shall be brought * * * to charge any person upon any special promise to answer for the debt, default or miscarriage of another person * * * unless the agreement * * * shall be in writing * * *.

■ It is well established that a promise which is original as between the promisee and the promisor, as opposed to one which is collateral to the primary obligation of a third party, is not barred by the Statute of Frauds. *Carvitto v. Ryle*, 495 S.W.2d 109, 114 (Mo.App.1973). Regardless of its form, a promise is an original undertaking and not within the Statute of Frauds where credit is given by the promisee to the promisor alone, and where the leading or main purpose of the promisor in making the promise is to gain a personal advantage for himself or to promote some interest or purpose of his own, and where the promise is supported by a consideration directly beneficial to the promisor. *Wahl v. Cunningham*, 320 Mo. 57, 70–71, 6 S.W.2d 576, 581, 67 A.L.R. 489 (banc 1928). In *Carvitto v. Ryle, supra*, an owner told a subcontractor to finish certain work on the owner's home and if the general contractor, who was experiencing financial problems, did not pay the subcontractor, "I'll see that

you get your money...." 495 S.W.2d at 112. In holding this to be an original independent promise outside of the Statute of Frauds, the court stated:

> The fact that such promise may in form be a promise to pay another's debt or that it might be incidentally beneficial to another debtor does not alone bring it within the statute of frauds. If the "leading" or "main" object of the promise is not to answer for the debt or obligation but rather to serve an interest of the promisor or if it directly benefits him, the promise is not within the statute.

*Carvitto v. Ryle*, 495 S.W.2d at 114.

■ Here, the conclusion that Huang's promise to pay Meinhold within the year was intended to, and in fact did, serve Huang's interest and obtain a direct benefit for him is clear. Meinhold's contribution of money was the cornerstone of Huang's real estate venture without which the corporation would never have been organized. Meinhold did not extend credit to a non-existent corporation to repay the money over a 12 year period, but endorsed the $55,000.00 check and gave it to Huang solely in reliance upon the latter's inducements and the promise of repayment within one year. Huang's promise was original and independent of the corporate obligation.

Accordingly, Huang's contention that Meinhold's claim was barred by the Statute of Frauds is without merit and the court did not err in overruling his motion for judgment n.o.v.

## MEINHOLD'S APPEAL

■ In granting Huang's motion for new trial, the trial court specified as the sole basis for its order error in giving Meinhold's requested verdict directing instruction which submitted a theory of recovery based upon the elements of promissory estoppel. The form of this non-MAI instruction was erroneous in that it was argumentative and submitted to the jury questions of law rather than of fact. However, we need not specifically address the language of the instruction because it was error to submit the case on the theory of promissory estoppel.

Any reasonable view of plaintiff's evidence shows the case to fall within the ambit of MAI 26.06, the verdict director for breach of a bilateral contract: (1) in consideration of Meinhold's promise to pay over the $55,000.00, Huang promised to guarantee the money would be repaid within one year; (2) Meinhold performed his agreement; (3) Huang did not perform his; and (4) Meinhold was thereby damaged. Huang's denial of any personal promise to repay within the year put in issue the terms and breach of the agreement, the very issues covered by MAI 26.06.

"If a Missouri approved instruction is applicable, such instruction must be given to the exclusion of all others." *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 206 (Mo.banc 1983).

The doctrine of promissory estoppel has been resorted to in Missouri in extreme cases and only to avoid unjust results. For example, in two cases, the doctrine was used to permit former employees to recover lifetime pensions promised to them if they retired. *Katz v. Danny Dare, Inc.*, 610 S.W.2d 121 (Mo.App.1980); *Feinberg v. Pfeiffer Company*, 322 S.W.2d 163 (Mo. App.1959). In each of these cases, the plaintiff's reliance upon the promise to his detriment was held to supply the otherwise missing element of consideration and thus to establish a contractual obligation of the defendant to honor his promise. On the other hand, Missouri courts have refused to apply the doctrine as means of overcoming the Statute of Frauds in a real estate sale case, *Shaffer v. Hines*, 573 S.W.2d 420 (Mo.App.1978), in cases involving oral contracts not to be performed within one year, *Mayer v. King Cola Mid-America, Inc.*, 660 S.W.2d 746 (Mo.App.1983) and *Morsinkhoff v. Deluxe Laundry and Dry Cleaning Company, Inc.*, 344 S.W.2d 639 (Mo. App.1961). In *Longmier v. Kaufman*, 663 S.W.2d 385 (Mo.App.1983) we refused to permit circumvention of the oral lease statute, § 441.060, RSMo.1978, by means of promissory estoppel.

*Morsinkhoff* is especially informative here. Recognizing that his oral contract of employment could not be performed within one year, the plaintiff submitted his case to a jury on the theory of promissory estoppel.[1] The court of appeals reversed a judgment for plaintiff, holding his cause of action was for breach of contract and not for promissory estoppel. "To allow recovery on the theory of promissory estoppel would abrogate the purpose and intent of the legislature in enacting the Statute of Frauds and would nullify its fundamental requirements." 344 S.W.2d at 644.

The trial court did not err in sustaining Huang's motion for new trial.

Affirmed and remanded.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

1. In *Morsinkhoff*, as here, no question was raised concerning the propriety of submission of a jury instruction based upon the elements of promissory estoppel. *But see C & K Engineering* *v. Amber Steel Company*, 23 Cal.3d 1, 151 Cal. Rptr. 323, 587 P.2d 1136 (1978) holding promissory estoppel to be an equitable remedy not warranting trial by jury.