**TERRE DU LAC, INC., a Missouri Corporation, Respondent,**

v.

**Fred B. FUHRMEISTER, Patricia O. Fuhrmeister, his wife, and Louise L. Fuhrmeister, Appellants.**

**No. 53437.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

March 22, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Kenneth A. Seufert, Farmington, for appellants.

J.B. Schnapp, Daniel P. Fall, Fredericktown, for respondent.

CRIST, Judge.

Defendants Fred, Patricia and Louise Fuhrmeister appeal from the judgment in a judge-tried case whereby title to two tracts of land was quieted in Terre Du Lac (plaintiff). We affirm.

Defendant Louise Fuhrmeister and plaintiff each had legal title to property in St. Francois County, Missouri. Defendant's property was bordered to the east and to the south by plaintiff's property. A meandering fence on the properties was built so that part of plaintiff's property was on defendant's side of the fence and vice versa:

On December 3, 1980, plaintiff brought an action to quiet title to tracts I and II, land it held record title to but which was on defendant's side of the fence. A second count in that petition sought damages for use of the land. Defendant Louise Fuhrmeister asserted title to tracts I and II by adverse possession, and counterclaimed to quiet title to tract III, land she held record title to but which was on plaintiff's side of the fence. Defendants Fred and Patricia Fuhrmeister asserted possession of tracts I and II by authority of Louise Fuhrmeister. In its answer to the counterclaim, plaintiff

claimed title to tract III by adverse possession.

The parties stipulated to record title and to where the record boundaries were. The issues before the court were whether defendant Louise Fuhrmeister acquired title to tracts I and/or II by adverse possession, and whether plaintiff had acquired tract III by adverse possession. Each side put on numerous witnesses who testified as to the condition of the fence, how old it was, and whether or not it would hold cattle. Witnesses also testified that the fence was a fence of convenience and each gave his definition of that term.

The trial court quieted title to tracts I and II in plaintiff, and tract III in defendant. As to tracts I and II the trial court found:

> There is no question a fence was built, but there is no proof as to the intent for construction of the fence in its particular manner and location. Witnesses testified the fence was a fence of convenience. There was no evidence the fence was constructed, maintained and repaired to establish a boundary line.

The trial court also awarded plaintiff damages in the amount of $110.

Defendants raise four issues on appeal; two claim the judgment is not supported by substantial evidence, and two challenge the trial court's assessment of the elements of adverse possession. As to the first two, the trial court is in the best position to judge the credibility of witnesses and is not required to believe any particular witness even if the testimony is uncontradicted. *Baum v. Glen Park Properties*, 692 S.W.2d 831, 833 [2] (Mo.App.1985). Under the above standard, the trial court's judgment is supported by substantial evidence. As to defendants' other points, no error of law appears, and an extended opinion would have no precedential value. *See Krell v. Davidson*, 694 S.W.2d 774, 777 (Mo.App.1985) and *Elliott v. West*, 665 S.W.2d 683, 691 [10] (Mo.App.1984) (hostile possession implies the intent to possess the land as the owner).

Judgment affirmed in accordance with Rule 84.16(b).

REINHARD, P.J., and SIMEONE, Senior Judge, concur.