**BRINKERHOFF LAND & LIVESTOCK CO., Plaintiff–Appellant**

**v.**

**Frankie DOYLE, Henry Robinson, Robert H. Elam and LaDonna S. Elam, Defendants–Respondents.**

**No. 15792.**

Missouri Court of Appeals,
Southern District,
Division One.

July 25, 1989.

Motion for Rehearing or Transfer Denied
Aug. 16, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Arthur A. Benson, II, Jamie Kathryn Lansford and Martin D. Zehr, Kansas City, for plaintiff-appellant.

Gordon R. Boyer, Lamar, for defendants-respondents.

HOLSTEIN, Chief Judge.

Plaintiff Brinkerhoff Land & Livestock Co. (Brinkerhoff), through its corporate officers, Mr. Arthur Brinkerhoff and Mrs. Mildred Jeanette Brinkerhoff, filed an action seeking reformation of deeds relating to several conveyances of the same piece of land. The trial court found that Brinkerhoff "failed to prove the terms of the prior

agreement to convey the land and that there was a mutual mistake of fact regarding those terms in preparation of the deed" and entered judgment for defendants. Brinkerhoff appeals.

Brinkerhoff raises three points on appeal. First, the corporation claims the trial judge erred in finding for the defendants in that both parties to the original conveyance were mistaken as to the contents of the deed due to a scrivener error. Second, the corporation asserts that the deed is void because the description is not certain enough to identify the property. Third, the corporation claims that the judgment is not supported by substantial evidence or is against the weight of the evidence in that the only evidence showed that the deed was to incorporate a legal description found in a 1972 survey, and that the plaintiff's attorney was so instructed. We affirm the judgment.

In order to understand the various transactions, the facts need to be stated in some detail. Originally, Brinkerhoff owned a larger tract which included the land in question. In anticipation of a sale of part of its land, Brinkerhoff had the land surveyed in 1972 by Mr. Wattenbarger. The legal description of the land from the Wattenbarger survey that Brinkerhoff contends was to be conveyed was admitted into evidence. According to Mrs. Brinkerhoff, she and her husband went to visit their attorney, John Miller, shortly after the survey. She testified that Miller was instructed to prepare a deed in accordance with the Wattenbarger legal description for a sale to a third party, Ozark Fisheries. When this deal was not consummated, Brinkerhoff conveyed the land to Brinkerhoff Feed Yards, Inc. (Feed Yards) in 1973. Mr. and Mrs. Brinkerhoff's son, Allen, was corporate president of Feed Yards and the person they dealt with regarding the transaction.

When preparing to convey the land to Feed Yards, Mr. and Mrs. Brinkerhoff again visited their attorney. When cross-examined about why they consulted their attorney for this transfer, Mrs. Brinkerhoff testified that "he [Allen] wanted a little bit more, and we let him have it." She con-

ceded that their attorney was instructed to make changes from the Wattenbarger legal description. Mr. Brinkerhoff agreed that changes were made in the conveyance to Feed Yards.

Feed Yards executed a deed of trust securing a loan with First National Bank and Trust Company of Joplin on November 26, 1976. The deed of trust used the same legal description contained in the corporation warranty deed under which Feed Yards acquired title. Although the record does not disclose the transaction, the Small Business Administration (SBA) apparently acquired the interest of First National Bank and Trust Company because the agency commenced proceedings to foreclose under the deed of trust and commissioned a survey for purposes of the foreclosure sale. The survey was conducted in September 1978, but the sale was not conducted until July 17, 1981. The property was actually purchased the weekend following the sale by one of the defendants, Frankie Doyle. The SBA issued a quitclaim deed to Frankie Doyle and another defendant, Henry Robinson. The quitclaim deed contained a legal description identical to that contained in the original corporation warranty deed. The final transfer using the same description was a conveyance of the property to Howard Elam.

The first point states:

The trial court erred in entering judgment for defendants, because such judgment erroneously applies Missouri law in that where, as here, the parties to a deed have agreed upon the land to be conveyed and entrust the preparation of the deed to a scrivener, even if he alone makes a mistake in drawing the deed, still if the grantor executes and the grantee accepts it believing it expresses their true intention, the mistake is mutual and equity is under a duty to reform the deed so as to express correctly the agreement and understanding of the parties.

A careful search of the judgment fails to disclose any conclusion of law by the trial judge which applies a rule different from the one stated in the first point. We could conclude the discussion of the point by noting that the trial court did not commit the error asserted. The flaw in the point is it assumes the trial court believed the testimony of Mr. and Mrs. Brinkerhoff that the legal description was a mutual mistake resulting from a scrivener's error.

In an appeal from a judgment in a proceeding to reform a deed, the standard of review is that established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *See Mills v. Cameron Mut. Ins. Co.*, 674 S.W.2d 244, 249 (Mo.App.1984). When reformation of a deed is sought, the party seeking reformation must show (1) a preexisting agreement of the parties to describe the property as requested, (2) a mistake, and (3) the mutuality of the mistake. *Kruse v. Johnson*, 689 S.W.2d 114, 116 (Mo.App.1985). As indicated by the cases cited by Brinkerhoff, the mistake must be shown to be common to both parties. *Mills v. Cameron Mut. Ins. Co., supra.* "The party seeking reformation bears a heavy burden and must show the existence of mistake by clear, cogent and convincing evidence and upon testimony entirely exact and satisfactory." *Morrison v. Jack Simpson Contractor, Inc.*, 748 S.W.2d 716, 717 (Mo.App.1988).

The evidence of mutual mistake in this case is far from compelling. The only evidence of mistake is found in the testimony of Mr. and Mrs. Brinkerhoff. Their self-serving testimony that they and their son agreed to use the Wattenbarger description, and that the scrivener made an error drafting the deed, is unsupported by other testimony. The fact-finder may consider their interest in the outcome of the litigation in determining what weight, if any, should be accorded that testimony.

The unexplained failure of Brinkerhoff to call its own attorney to testify regarding his participation in the preparation of the deed also permits the fact-finder to draw an unfavorable inference. *Edwards v. Zahner*, 395 S.W.2d 185, 191 (Mo.1965).

The fact-finder may also have discounted Mr. and Mrs. Brinkerhoff's testimony because it was uncertain and equivocal in nature. During direct examination, both declared that they and their son agreed he was to receive the property described in the Wattenbarger survey. However, both ad-

mitted on cross-examination that changes were made in the description of the boundary apparently because Allen "wanted a little bit more" land than was included in the original description. No further explanation regarding the boundary changes appears in the record. The trial judge is in the best position to judge the credibility of the witnesses, and he may reject even uncontradicted testimony. *Terre Du Lac, Inc. v. Fuhrmeister,* 753 S.W.2d 4, 5 (Mo. App.1988). Where the only testimony regarding mutual mistake is self-serving and equivocal, the trial court is justified in finding insufficient proof of mutual mistake. The first point is without merit.

■ Brinkerhoff's second point is that the deed should be declared void because the legal description did not clearly identify the land. In support of this point, plaintiff directs our attention to the testimony of one surveyor that he found discrepancies in distance calls used in the conveyance to Feed Yards, and the testimony of another surveyor that he disagreed with the SBA's surveyor changing a distance instead of a bearing where a discrepancy occurred in a call. No one testified that the description failed to " 'identify the property sufficiently to enable a surveyor to locate it....' " *First National Bank of Cape Girardeau v. Socony Mobil Oil Co.,* 495 S.W.2d 424, 434 (Mo.1973) (quoting Eckhardt and Peterson, *Possessory Estates, Future Interests and Conveyances in Missouri,* 23 V.A. M.S. Pamph. p. 72 (1986)). *See also Fincher v. Miles Homes of Missouri, Inc.,* 549 S.W.2d 848, 853 (Mo. banc 1977).

■ A diligent search of the pleadings and records fails to disclose any claim that the deed should be declared void because of an inadequate description. The claim appears for the first time in the appellant's brief. An appellant is bound by the theory advanced at trial and is not permitted to change that theory on appeal. *Duncan v. Duncan,* 751 S.W.2d 763, 768 (Mo.App. 1988). A trial court will not be convicted of error for failing to grant relief upon a theory not presented during the trial. The second point is denied.

Brinkerhoff's third point is that the trial court's judgment was not supported by substantial evidence or was against the weight of the evidence in that the uncontroverted evidence indicated that the deed was to contain a legal description corresponding to that given in the 1972 Wattenbarger survey, and the Brinkerhoff attorney was so instructed. This point is somewhat similar to the first argument. While contending that Mr. and Mrs. Brinkerhoff's testimony is uncontroverted, the appellant's brief recognizes that they both testified that the conveyance to Feed Yards contained "changes" from the survey. They never testified what these changes entailed. As with the first point, the trial court is charged with determining the credibility of the witnesses and is free to believe all, part, or none of a witnesses' testimony, even if it is uncontradicted. *Feinstein v. Cobur Corp.,* 721 S.W.2d 763, 765 (Mo.App.1986). In this case the inconsistencies in the testimony and gaps in the evidence provide even greater support for the trial court's finding. The third point is denied.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.