Willard GEISINGER, et al., Respondents,

v.

A & B FARMS, INC., et al., Appellants.

No. WD 44344.

Missouri Court of Appeals, Western District.

Dec. 10, 1991.

Tim Eugene Dollar, Kansas City, for appellants.

Phillip Sanford Smith, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and FENNER and HANNA, JJ.

HANNA, Judge.

Appellants/plaintiffs have brought a cause of action against respondents/defendants alleging promissory estoppel and wrongful ejectment. The trial court sustained the defendants' motions for summary judgment. We affirm.

The cause of action arises out of an oral agreement allowing plaintiffs to farm the land owned by the defendant A & B Farms. The plaintiffs claim that in February, 1980, Donald Matthews, on behalf of A & B Farms, Inc., represented to plaintiffs Geisingers and Kisers that they would be allowed to lease farmland owned by A & B Farms, Inc. for a term certain of five years. This is the specific allegation in plaintiff's first amended petition. The petition further alleges that at the same time Wilbert Matthews told plaintiffs that they could purchase farming equipment from Wilbert and Marion Matthews and finance the purchase over the term of the farming operations agreement.

The plaintiffs and Wilbert and Marion Matthews entered into a written security agreement for the purchase of the farming machinery in the amount of $150,000.00. As additional security for the purchase of the farm equipment, the agreement provided that the Geisingers and Kisers would assign 50% of the income from their farming operations to Wilbert and Marion Matthews. The agreement acknowledged that the profits from the farming operations were expressly tied to the purchase of the farm equipment. Two years into the farming operations, Donald Matthews, on behalf of A & B Farms, Inc., terminated the oral agreement to farm the land. The plaintiffs were forced to dispose of the farming machinery by sale to M & M Enterprises, a partnership composed of Wilbert and Donald Matthews. Thereafter, Donald Matthews farmed the land.

It is plaintiff's position that the written agreement to purchase farming equipment over five years for $150,000.00 was done in reliance on the defendants' promise that they would be allowed to lease the farmland for the full five year period. Further, plaintiffs Willard and Delores Geisinger claim, relying on the representations of Matthews, that they sold their auto parts store in order to engage full time in the farming operations.

The defendant's position is that they had an agreement with plaintiffs that included a sharing of expenses and compensation paid per the number of acres farmed, per head for tending the cattle and hours worked. Accordingly, they paid the plaintiffs during the two years they farmed the land. The defendants correctly note that there was no written agreement to farm the land for five years. The defendants moved for summary judgment because the oral agreement fell within the Statute of Frauds.

Plaintiffs argue that the court erred by sustaining the motion for summary judgment because they have pleaded a cause of

action for promissory estoppel which removes the oral agreement from the proscription of the Statute of Frauds. They do not seek specific performance but rather are asking for money damages.

■ In ruling on a motion for summary judgment, the record must be scrutinized in the light most favorable to the party against whom the motion was rendered, and must accord that party the benefit of every doubt. *Kansas City v. W.R. Grace & Co.*, 778 S.W.2d 264, 268 (Mo.App.1989). A summary judgment is proper where there remains no genuine issue as to any material fact. *Schwartz v. Lawson*, 797 S.W.2d 828, 832 (Mo.App.1990). It is appropriate only where no theory within the scope of the pleadings, depositions, admissions and affidavits filed would permit recovery and the moving party is entitled to a judgment as a matter of law. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241 (Mo. banc 1984).

Section 432.010, RSMo (1969) provides in part: "No action shall be brought ... upon any contract made for the sale of lands, ... or any lease thereon, for a longer time than one year, or upon any agreement that is not to be performed within one year from the making thereof, unless the agreement ... shall be in writing...." Whether the defendant's promise to farm the land was an agreement not to be performed within one year or a contract made for the lease of land is not addressed by the parties and left unresolved. In either case the agreement clearly falls within the proscription of the Statute of Frauds. "If the contract was in violation of the Statute of Frauds, and admittedly it was, plaintiff could not recover compensatory damages for breach of contract or in tort." *Gipson v. Fisher Bros. Co.*, 204 S.W.2d 101, 105 (Mo.App. 1947). The facts dictate the conclusion that the oral agreement falls within the Statute of Frauds and the parties acknowledge it.

■ Plaintiffs rely on the doctrine of promissory estoppel for recovery of their losses. The essential elements of promissory estoppel are: 1) a promise; 2) detrimental reliance on the promise; 3) the promisor should have or did in fact clearly foresee the precise action which the promisee took in reliance; and 4) injustice can only be avoided by enforcement of the promise. *A.L. Huber & Son, Inc. v. Jim Robertson Plumbing, Inc.*, 760 S.W.2d 496, 498 (Mo.App.1988). Missouri has adopted Section 90 of the Restatement of the Law of Contracts which recognizes a cause of action for promissory estoppel. *In Re Jamison's Estate*, 202 S.W.2d 879, 886–87 (Mo.1947).

■ There are a few Missouri cases that have allowed recovery pursuant to the promissory estoppel theory. In *Feinberg v. Pfeiffer Co.*, 322 S.W.2d 163 (Mo.App. 1959) the court, relying on Section 90 of the Restatement of Contracts (2nd), found sufficient reliance by the plaintiff on the defendant's promise to estop the defendant and create an enforceable contract under the doctrine of promissory estoppel. *Id.* at 168. The same result was reached in *Katz v. Danny Dare, Inc.*, 610 S.W.2d 121, 126 (Mo.App.1980). Both *Feinberg* and *Katz* retired from their jobs with the employer's promise that they would receive a lifetime pension. The employer thereafter stopped making the pension payments. Each court found the elements of promissory estoppel present and that injustice could be avoided only by enforcing the employer's promise. Neither case involved the Statute of Frauds.

Subsequent cases have described the application of the doctrine of promissory estoppel to be used with caution, sparingly, and only in extreme cases to avoid unjust results. *Meinhold v. Huang*, 687 S.W.2d 596, 599 (Mo.App.1985). *See also, Mayer v. King Cola Mid–America, Inc.*, 660 S.W.2d 746, 749 (Mo.App.1983).

A few Missouri cases have addressed the clash between promissory estoppel and the Statute of Frauds. One such case was *Mayer*, 660 S.W.2d 746. Mayer was contacted by the defendant and discussed a three year employment contract. He was hired and moved from Chattanooga, Tennessee to St. Louis and commenced work but a written employment agreement was never executed. A few months later he

was terminated. The court ruled that Mayer's claim was lacking in all of the required elements of promissory estoppel and, pointedly, that the court would not allow recovery on a promissory estoppel action which would cancel the purpose and intent of the Statute of Frauds. *Id.* at 750.

The same result was reached in *Morsinkhoff v. Deluxe Laundry & Dry Cleaning Co.*, 344 S.W.2d 639 (Mo.App.1961), where Morsinkhoff accepted employment with the laundry company at $10,000.00 per year pursuant to an oral agreement. Morsinkhoff was then employed and wanted to give his present employer one month's notice and then take one week vacation before starting his new job. He gave his employer notice and resigned but the laundry company refused to hire him. Morsinkhoff submitted his case to the jury on a promissory estoppel theory and recovered damages. The judgment was reversed because the contract of employment was not in writing and was for one year to be commenced in 37 days after the agreement was made. Therefore, it was deemed an agreement not to be performed within one year and was barred by the Statute of Frauds.

At least two other Missouri cases have refused to apply the doctrine of promissory estoppel as a means to overcome the Statute of Frauds. *See Sales Service Inc. v. Daewoo Int'l Corp.*, 770 S.W.2d 453 (Mo. App.1989) and *Meinhold*, 687 S.W.2d at 599. We may conclude from these cases that there is a reluctance by our courts to abrogate the Statute of Frauds except in the most extraordinary situations. There is an understandable concern that to completely embrace the doctrine would be to totally abrogate the Statute. Consequently, the case law direction is to proceed with caution and to apply the doctrine only to avoid unjust results.

Section 139 is the applicable section of the Restatement (2nd) of Contracts when attempting to remove an otherwise unenforceable contract from the Statute of Frauds based on a promissory estoppel theory. Section 139 provides that enforcement of the promise is appropriate only to avoid injustice. Subsection (2) of § 139

provides a number of circumstances to be used in "determining whether injustice can be avoided only by the enforcement of the promise." These factors listed in Subsection (2) are weighted, realizing that the use of promissory estoppel is not attempting to replace the requirement of consideration, a much more accepted application of the doctrine, but rather it is employed to provide the more difficult chore of substituting for the requirement of a writing. See § 139, Comment b.

The Geisingers and Kisers claim the defendants promised to let them farm for five years and plaintiffs agreed. Relying on that promise, to their claimed detriment, the plaintiffs signed a contract to buy $150,000.00 worth of farm machinery. The Geisingers also claim that they quit their business to farm the land. In this regard we consider the extent to which plaintiffs' reliance corroborates the existence of the alleged oral promise and the reasonableness of their action. Restatement (2nd) of Contracts § 139(2)(c) and (d). *See also, Metzger, The Parol Evidence Rule: Promissory Estoppel's Next Conquest?*, 36 Vand.L.Rev. 1383, 1435 (1983).

First, we note that there is no allegation in the Geisingers' amended petition that they sold their auto parts store in reliance on defendants' promise to farm for five years, nor do they make any claim of damages. The absence of any allegation or claim for damages leads to the conclusion that there was no reliance and, the conclusion that no injustice occurred when plaintiffs gave up their store. It was not expected that the promise either would or did induce any action. *See* Restatement (2nd) of Contracts §§ 90 and 139(1).

To determine whether injustice can be avoided only by the enforcement of the promise, § 139(2)(c) considers the extent to which the conduct of purchasing the equipment corroborates the terms of the promise to farm for five years. The five year part of the promise must be established by clear and convincing evidence. *Id.* In this regard the plaintiffs' conduct must be one related to the promise to farm for five years and not equally consistent to an

agreement to farm the land for an unspecified time or to farm other land. *Gegg v. Kiefer*, 655 S.W.2d 834 (Mo.App.1983) is informative, although it deals with the doctrine of equitable estoppel to prohibit the defense of the Statute of Frauds. In *Gegg* the court found that Gegg's partial performance (his conduct in reliance on Kiefer's promise to sell the farm to him) were acts consistent with the landlord/tenant agreement and not in reliance upon the defendant's claimed promise to sell the land. *Id.* at 838.

To the same effect, *Jackson v. Shain*, 619 S.W.2d 860 (Mo.App.1981) provides some guidance in the use of promissory estoppel to avoid the Statute of Frauds although the case dealt with the doctrine of equitable estoppel to settle a quiet title suit. Jackson claimed that his payment of a $129.00 insurance premium was partial performance which was done in reliance on the oral agreement to settle the quiet title suit. *Id.* at 862. The court held, among other things, that the purchase of insurance was consistent with the plaintiffs' interest in the property and not an act consistent only with the performance of the oral agreement. Jackson had an interest in this property so that purchasing an insurance policy was not "... referable altogether to the contract sought to be enforced." *Id.*

The plaintiffs' purchase of the farm equipment in the present case was consistent with the occupation of farming and an agreement that they were to farm the land. Entering into the written contract to purchase farm equipment in reliance on the defendant's promise was "neither extraordinary nor selfless, but reasonably necessary and incidental to successful farm management." *See Gegg*, 655 S.W.2d at 838. The plaintiffs' position is further eroded because the equipment purchase agreement acknowledged that the plaintiffs could use the equipment to farm other properties as well as A & B Farms. The equipment was the property of the plaintiffs to use as they would utilize it, whether on the defendant's land or other farm property. The plaintiffs' conduct does not corroborate the clear and convincing evidence required to establish the five year term.

Finally, the parties have resolved that act which plaintiffs claim they relied on to their detriment. During the period of the farming operations the plaintiffs paid 50% of their income to defendants for the purchase of the equipment. The agreement to purchase the farm equipment, according to the record but not argued or briefed, has been settled. The parties entered into a "Sale and Assumption Agreement" before the lawsuit was filed that resolved the purchase agreement of the farm equipment. The plaintiffs returned the equipment to the defendants and the defendants have paid back to the plaintiffs some of the money paid during the two years they farmed the land. When the act on which plaintiffs claim they relied to their detriment has been resolved, then the cause of action has been terminated. Their damages have been settled. The plaintiffs have already consummated a remedy inconsistent with the claim of their pleadings. *Timmons v. Bender*, 601 S.W.2d 688, 690 (Mo.App.1980). The parties have found their own remedy. Without injury there is no injustice by not enforcing the promise. Restatement (2nd) of Contracts § 139(2)(a).

The plaintiffs fail to show that the conduct of entering into the written agreement was directly the result of the defendants' promise or that there remains any injury. The evidence provides no reason for intervention of equity to enforce the oral promise and thereby abrogate the purpose of the Statute of Frauds. The plaintiffs' cause of action is barred by the Statute of Frauds.

The judgment of the trial court is affirmed.

All concur.