**COMMERCIAL BANK OF GIDEON,**
**A Banking Corporation,**
**Plaintiff/Appellant,**

v.

**BIEN CO., INC., Terry Fortner and Lynn Fortner, d/b/a Fortner Construction Company, Defendants/Respondents.**

**No. 17474.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1992.

Motion for Rehearing or Transfer
to Supreme Court Denied
May 19, 1992.

Application to Transfer Denied
June 30, 1992.

Karen J. Miller, Spain, Merrell and Miller, Poplar Bluff, for plaintiff/appellant.

Manuel Drumm, Drumm, Winchester & Gleason, Sikeston, for Bien Co., Inc.

MONTGOMERY, Judge.

Plaintiff, Commercial Bank of Gideon (Bank), brought this court-tried action against Bien Co., Inc. (Bien), Terry Fortner, and Lynn Fortner, his wife, d/b/a Fortner Construction Company (Fortner). Judgment by default in favor of the Bank was rendered on Count III of its Second Amended Petition against Terry Fortner and Lynn Fortner in the amount of $20,028 plus accrued interest and attorney fees of $1,743.75. The judgment was based on a promissory note owed the Bank dated Jan-

uary 4, 1989, in the principal sum of $25,028.

The court rendered judgment in favor of Bien on Count IV of the Bank's Second Amended Petition, and from that judgment the Bank appeals. Two points are presented for our determination.

Count IV alleged that (a) Fortner borrowed $25,028 on January 4, 1989, from the Bank, (b) as security, Fortner gave the Bank an assignment of a contract dated December 14, 1988, between Bien and Fortner, (c) by letter of January 4, 1989, Bien consented to the assignment of the aforesaid contract and agreed to make all checks due Fortner from said contract payable to Fortner and the Bank, (d) the bank relied on Bien's letter in making the loan, and (e) Bien breached its agreement to make checks payable jointly to Fortner and the Bank with resulting damage in the amount of $20,028 plus interest and attorney fees.

Bien's answer denied Fortner ever made any assignment to the Bank. At trial, Bien admitted sending the letter of January 4, 1989, to the Bank. The Bank admitted no notice of any assignment was ever given to Bien. The Bank's loan officer testified the Bank relied on the agreement in Bien's letter in order to make the loan. Bien's president testified he knew the Bank would rely on his letter agreeing to make payments jointly to Fortner and the Bank. He admitted Bien was never notified not to make checks jointly payable.

The trial court made extensive findings of fact which contain the following relevant portions: [1]

1. Fortner and Bien entered into a construction contract dated December 14, 1988, which required Fortner to provide materials and labor for the construction of a certain apartment complex in Farmington, Missouri.

2. On January 4, 1989, Fortners executed a promissory note and security agreement in favor of the Bank, said note being in the principal sum of $25,028, bearing 13 percent interest per annum and providing for reasonable attorney fees.

3. Bien prepared and signed a letter to the Bank dated January 4, 1989, which confirmed the construction contract with Fortner and consented to Fortner's use and assignment of that construction contract as collateral to obtain a loan for operating capital. Bien further agreed to make checks to Fortner jointly with the Bank until notified differently.

4. The Bank did not take any written or formal assignment from Fortner. The only indication of any assignment was found in the security agreement where the words "assignment of contract" were found in a paragraph reading, "... I give you a security interest in the property described below.... 2nd Deed of Trust[,] Assignment of Contract."

5. Section 11.8 of the construction Subcontract provides in part: "The Subcontractor shall not assign any amounts due or to become due under this subcontract without written notice to the Contractor."

6. On or after January 4, 1989, Fortner advised Bien that he had not been required to assign any part of the aforesaid construction contract and that the Bank accepted a second deed of trust on his farm.

7. The Bank never communicated, advised, or notified Bien of Fortner's assignment of said contract until the filing and service of summons which occurred on or after September 25, 1989. The Bank's normal procedure was to notify the account debtor of any assignments which they took. The Bank did not file any type of record to show the assignment.

. . . . .

10. Bien made payments [approximately $200,000] to Fortner before September 1, 1989, under the construction contract and prior to Fortner's default under said contract in August of 1989. None of the payments were made jointly to the Bank. The court finds Fortner defaulted and substantially breached his construction contract with Bien in August 1989.

The evidence presented at trial was essentially undisputed. That evidence fully

1. For brevity, we have paraphrased some of the trial court findings.

supports the above findings. Critical to our decision is the letter of January 4, 1989, from Bien to the Bank. The first paragraph of the letter confirmed that Fortner had a contract with Bien in the amount of $645,000 for a portion of the construction work on a project in Farmington, Missouri. The two remaining paragraphs read as follows:

In addition, please accept this letter as an acknowledgement [sic] and consent to his [Fortner] assignment of contract as collatoral [sic] to obtain operating capital.

Therefore, we, Bien Co., Inc., hereby agree to make all checks to Fortner Construction Co., jointly with the Commercial Bank of Gideon for all proceeds from the contract until notified by the bank differently.

 Review of this court-tried case is under Rule 73.01(c). This Court is to affirm the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App. 1990).

The Bank's first point need not be discussed because we believe the case must be reversed on the remaining point. The Bank's second point recites:

The trial court erred in rejecting [the Bank's] theory that a contract exists between [the Bank] and [Bien] because a contract by estoppel did exist between the parties in that [Bien's] letter consenting to the assignment and agreeing to make joint payments was a representation upon which [Bien] intended [the Bank] to rely and [the Bank] did in fact detrimentally rely upon that letter.

 The Bank relies on the theory of promissory estoppel based upon the last paragraph of Bien's letter. The elements of promissory estoppel are: "1) a promise; 2) detrimental reliance on the promise; 3) the promisor should have or did in fact clearly foresee the precise action which the promisee took in reliance; and 4) injustice can only be avoided by enforcement of the promise." *Geisinger v. A & B Farms, Inc.*, 820 S.W.2d 96, 98 (Mo.App.1991).

Section 90 of the Restatement of the Law of Contracts[2] recognized a cause of action for promissory estoppel. It was quoted with approval in *In re Jamison's Estate*, 202 S.W.2d 879, 886–87 (Mo.1947). Both parties cite this case in support of their respective positions.

Several Missouri cases have allowed recovery on a promissory estoppel theory. Two such cases are *Feinberg v. Pfeiffer Company*, 322 S.W.2d 163 (Mo.App.1959), and *Katz v. Danny Dare, Inc.*, 610 S.W.2d 121 (Mo.App.1980). Both cases relied on *Jamison* and § 90 of the Restatement of Contracts. In both cases plaintiffs retired from their jobs with the employers' promise of a lifetime pension. The employers later stopped making pension payments. Each court found the elements of promissory estoppel present and that injustice would result unless the employers' promise was enforced.

Recently, our Court in *Miles Homes v. First State Bank*, 782 S.W.2d 798 (Mo.App. 1990), applied the doctrine of promissory estoppel. There, defendant bank (holder of first deed of trust) promised plaintiff (holder of second deed of trust), " 'We will notify you of serious delinquencies and provide you the opportunity to make payments before a mortgage foreclosure is started.' " *Id.* at 800. Upon failure of defendant bank to keep its promise, we said, "Injustice can be avoided only by enforcing the commitment of the Bank." *Id.* at 801.

**2.** § 90 provided: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." With only slight modification of its predecessor, Restatement (Second) of Contracts § 90 (1981) reads: "(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."

Factually similar to the instant case is *Mark Twain Plaza Bank v. Lowell H. Listrom*, 714 S.W.2d 859 (Mo.App.1986). There, defendant stock brokerage firm promised to deliver stock held by defendant to plaintiff bank. The stock was owned by plaintiff's borrowers. Defendant was advised by plaintiff that the stock was to be used as collateral for a loan. The stock was never delivered. Relying on the doctrine of promissory estoppel the court affirmed a judgment for plaintiff because defendant unconditionally promised to deliver stock to plaintiff, and defendant "knew or should have known that the bank would rely on that promise." *Id.* at 863.

■ The facts in this case are no different than those in *Mark Twain*. Here, Bien promised to make all checks jointly payable to the Bank and Fortner until notified differently. Bien's letter indicated full knowledge that proceeds from its contract with Fortner would be used as collateral for Fortner's loan. Bien's president testified he knew the Bank would rely on the contents of its letter which, in turn, induced the Bank to loan money to Fortner. The Bank relied on Bien's letter because the Bank would have made no loan without the letter. We see no way to avoid an injustice to the Bank without enforcement of Bien's written promise.

Bien cites no cases contrary to those we have mentioned. Bien's argument, as we understand it, is that promissory estoppel does not apply in this case. Such argument is incorrect.

We hold that the doctrine of promissory estoppel applies to the facts of this case. The trial court found to the contrary. Therefore, the judgment of the trial court must be reversed because it erroneously applies the law.

The judgment is reversed and the cause is remanded to the trial court with directions to enter its judgment in favor of Plaintiff, Commercial Bank of Gideon, and against Defendant, Bien Co., Inc., on Count IV of Plaintiff's Second Amended Petition in the amount of $20,028 plus interest at 13 percent per annum from and after July 24, 1989. We do not allow the Bank's request for attorney fees because Bien's promise, unlike Fortner's promissory note, called for none. *Julian v. Burrus*, 600 S.W.2d 133, 141 (Mo.App.1980).

MAUS, J., concurs.

SHRUM, P.J., dissents and files dissenting opinion.

SHRUM, Presiding Judge, dissenting.

I respectfully dissent.

It is well settled in Missouri that the doctrine of promissory estoppel is to be used with caution, sparingly, and only in extreme cases to avoid unjust results. *Geisinger v. A & B Farms, Inc.*, 820 S.W.2d 96, 98 (Mo.App.1991); *Meinhold v. Huang*, 687 S.W.2d 596, 599 (Mo.App.1985); *Mayer v. King Cola Mid–America, Inc.*, 660 S.W.2d 746, 749 (Mo.App.1983).

To recover under the doctrine of promissory estoppel the Bank was required to prove that (a) a promise was made by Bien; (b) Bien had a reasonable expectation that the promise would induce action by the Bank; (c) action was taken by the Bank; (d) the Bank was induced by Bien's promise to take such action; and (e) injustice can be avoided only by performance of the promise. Restatement (Second) of Contracts § 90(1) (1981); *Southern Missouri Bank v. Fogle*, 738 S.W.2d 153, 157–58 (Mo.App. 1987); *Footwear Unlimited, Inc. v. Katzenberg*, 683 S.W.2d 291, 296 (Mo.App. 1984).

Here the trial court made written findings of fact and conclusions of law. However, noticeably absent from its findings is any specific determination that the Bank was induced by Bien's promise to extend a loan to the Fortners. Rule 73.01(a)(2) directs that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *Gault v. Bahm*, 826 S.W.2d 875, 881 (Mo.App.1991). The inference that the Bank did not rely upon Bien's promise can be drawn from the testimony of the Bank's vice-president that (a) the Bank obtained no assignment from Fortner of the Bien–Fortner contract; (b)

the Bank never communicated, advised or notified Bien that it had made the loan to Fortner until this suit was filed, some 265 days after the loan was made; (c) the Bank's normal procedure was to notify the account debtor of any assignments it took; (d) the Bank had a copy of the Bien–Fortner contract which recited that (i) Fortner's work was to be completed within 300 calendar days after the date of commencement, (ii) that Fortner was to be paid monthly, and (iii) the Bank never received any payment from Bien; and (e) Fortner's second deed of trust on farm real estate was recorded by the Bank but the Bank did not file any type of record to show a security interest in the Bien–Fortner contract.

The majority states that "[t]he Bank relied on Bien's letter because the Bank would have made no loan without the letter." And the Bank's vice-president did so testify. However, the majority apparently presumes that the trial court believed such testimony. I disagree with that approach. The trial court, being in the best position to judge the credibility of witnesses, is not required to believe any particular witness even if the testimony is uncontradicted. *Terre Du Lac, Inc. v. Fuhrmeister,* 753 S.W.2d 4, 5 (Mo.App.1988). As a trier of fact, the trial court has leave to believe or disbelieve all, part, or none of the testimony of any witness. *Gault,* 826 S.W.2d at 881; *Thornbrugh v. Poulin,* 679 S.W.2d 416, 418 (Mo.App.1984). The facts must be taken in accordance with the result reached. *Tadlock v. Otterbine,* 767 S.W.2d 366, 370 (Mo.App.1989). The result reached indicates the trial court found that the Bank did not rely upon the promise contained in Bien's letter in making a loan to Fortner, but rather looked to other security.

With the foregoing principles of appellate review and the familiar standard of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), in mind, I do not share the majority's apparent belief that the trial court erroneously applied the law. I would affirm.