Beverly TOWNES, Respondent,

v.

JEROME L. HOWE, INC., Appellant.

No. 62410.

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

Rehearing Denied May 12, 1993.

Michael S. Weinberg, St. Louis, for appellant.

Kenneth A. Leeds, Clayton, for respondent.

CRIST, Judge.

Respondent (Former Employee) brought suit against Appellant (Former Employer) for breach of contract involving the procurement of a health insurance policy. The trial court found in favor of Former Employee in the sum of $1,735.38. We affirm.

Prior to September 4, 1987, Former Employee was employed by Former Employer, an insurance broker. Former Employer provided health insurance for her through a group health insurance policy with Safeco Insurance Company. On September 4, 1987, the employment of Former Employee was terminated. On September 9, 1987, Former Employer mailed Former Employee a letter informing her that her group medical coverage would normally terminate on September 30, 1987. The letter further stated she could continue her health insurance coverage under the group plan by attaching the monthly premium of $202.67 and returning it to Former Employer. Former Employee took advantage of this option on September 29, 1987. On October 1, 1987, Former Employee had an operation for an ongoing problem and incurred medical expenses. On October 16, 1987, Former Employer advised her that Safeco would not continue coverage for medical expenses incurred after September 30, 1987. Former Employee testified that Former Employer told her she could convert to an individual policy, which would cost a six-month premium of $1,500. Former Employer could not guarantee the incurred medical expenses would be covered under conversion. Former Employee filed a petition alleging breach of contract to procure insurance by Former Employer. The trial court found in favor of Former Employee.

In Point I, Former Employer asserts "there was no substantial evidence to support the trial court's judgment." This point fails to conform to Rule 84.04. It does not state wherein and why. Rule 84.04(d). Further, the argument portion of its brief does not have page references. Rule 84.04(h). In any event, we review it *ex gratia.*

The trial court found Former Employer acted as Former Employee's agent in procuring the health insurance and violated its duty to advise her she would be unable to continue coverage with Safeco Insurance. However, an insurance broker's duty to exercise reasonable skill and diligence in procuring insurance is applicable only to a broker intending to earn a commission. *Zeff Distributing Co. v. Aetna Cas. & Sur. Company,* 389 S.W.2d 789, 795[4] (Mo.1965); *Russell v. Reliance Ins. Co.,* 672 S.W.2d 693, 694[1] (Mo.App.1984). The record shows Former Employer did not

receive a commission for procuring the health insurance; it was merely an employment benefit. Therefore, recovery under this theory is not possible.

■ Even so, the trial court's error does not mandate reversal. We must affirm a judgment if it is sustainable on any theory. *Miles Homes v. First State Bank*, 782 S.W.2d 798, 801 (Mo.App.1990).

■ Missouri recognizes a cause of action for promissory estoppel outlined in Section 90 of the Restatement of Contracts. *Geisinger v. A & B Farms, Inc.*, 820 S.W.2d 96, 98 (Mo.App.1991). "Promissory estoppel makes binding a promise which induces action or forbearance on the part of the promisee if the injustice can be avoided only by enforcement of the promise." *Heintz v. Swimmer*, 811 S.W.2d 396, 399 [4, 5] (Mo.App.1991). The essential elements are: (1) a promise, (2) detrimental reliance on the promise, (3) the promisor should have or did foresee the reliance, and (4) injustice can be avoided only by enforcement of the promise. *Geisinger*, 820 S.W.2d at 98[2]; *A.L. Huber & Son v. Jim Robertson Plumbing*, 760 S.W.2d 496, 498[2] (Mo.App.1988).

■ Former Employer did represent that Former Employee could continue her group health insurance coverage by sending a monthly premium of $202.67 to Former Employer. Former Employee did sign the form and mail in the monthly premium. Further, she detrimentally relied on the assertion of Former Employer that her insurance coverage would continue by incurring medical expenses while believing them to be covered by her insurance. This action should have been foreseen by Former Employer. Injustice can be avoided only by enforcing Former Employer's promise. Point denied.

■ In Point II, Former Employer asserts "plaintiff failed to adequately prove damages." This point also fails to conform to Rule 84.04. It does not state wherein and why. Rule 84.04(d). The argument portion of the brief has no specific page references to the legal file or the transcript. Rule 84.04(h). For that reason, we decline to review Point II.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.