Mary TIPPIT, Appellant,

v.

JEPCO, INC., Respondent.

No. 51644.

Missouri Court of Appeals, Eastern District, Division One.

March 24, 1987.

Claude Hanks, Creve Coeur, for appellant.

Julius H. Berg, Dennis Buchheit, Clayton, for respondent.

CRIST, Judge.

Appellant (employee) filed a petition seeking money damages from respondent (employer) because her duties and compensation with employer were changed and her employment was later terminated. The trial court dismissed her petition for failure to state a cause of action. Employee appealed. We affirm.

Employee alleged: On February 2, 1971, she was hired by employer, as an employee-at-will, to work as a waitress and continued as such for fourteen years. She became a member of a union and obtained benefits including seniority. On April 22, 1985, employee and employer orally agreed she was to become restaurant manager at a salary of $2,000 per month, with scheduled salary increases on August 1, 1985 and on November 1, 1985. She resigned her position as a waitress and gave up her union membership. She performed services as manager until July 22, 1985. On this date, employer advised employee she would have to work six days a week instead of five and receive $1400 per month plus a profit sharing of seven percent and interest. Employee objected to the new work arrangement and asked to be returned to the floor as a waitress. She was fired.

Employee admitted in her brief the contract between her and employer for her position as manager was an employment-at-will contract. She admitted her cause of action was based on an employment-at-will agreement. Missouri case law unequivocally states that, absent a statutorily prohibited reason for discharge, the employer remains free to fire any employee-at-will for any reason. *Dake v. Tuell,* 687 S.W.2d 191 (Mo. banc 1985); *Boyle v. Vista Eyewear, Inc.,* 700 S.W.2d 859 (Mo.App.1985).

Employee states the oral employment contract should be enforced because she detrimentally relied on employer's promise of employment, notwithstanding the fact that employee was an employee-at-will. Employee alleged she resigned as a waitress to take up her duties as the manager of the restaurant in reliance she would have been employed as manager under the terms agreed upon. Further, by accepting the job as manager, she gave up her status as a member of the union and gave up the seniority she had acquired, all to her detriment.

An employer has to have much discretion in the hiring and firing of a manager. The facts alleged in the petition do not afford relief from the general rule an employer can fire an employee-at-will at any time for any reason. Employee had to affirmatively plead estoppel if she wanted to rely on factors other than the at-will contract. *Shearin v. Fletcher/Mayo/Associates, Inc.,* 687 S.W.2d 198, 201[3] (Mo.App.1984). Employee knew she could resign as manager at any time, and her employer could replace her at any time. Such are the consequences of being an at-will manager. In *Meinhold v. Huang,* 687

S.W.2d 596, 599[6] (Mo.App.1985), the court stated "[t]he doctrine of promissory estoppel has been resorted to in Missouri in extreme cases and only to avoid unjust results." This case as pled is not one of those extreme cases.

Judgment affirmed.

SMITH, P.J., and KELLY, J., concur.