Philip ROSATONE, Plaintiff–Appellant,

v.

GTE SPRINT COMMUNICATIONS and US Telecom, Inc., Defendants–Respondents.

No. 54566.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 25, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 1988.

Application to Transfer Denied Jan. 17, 1989.

John Bleckman, Clayton, for plaintiff-appellant.

Gerard F. Hempstead, David M. Stolze, St. Louis, for defendants-respondents.

REINHARD, Judge.

Plaintiff appeals from an order sustaining defendants' motion to dismiss for failure to state a cause of action. We affirm.

Plaintiff filed a seven count petition on January 16, 1987, but only Counts VI and VII pertain to defendants herein. Defendants responded with a motion to dismiss. The trial court granted the motion but allowed plaintiff to amend his petition.

In his amended Count VI, plaintiff alleged the following facts: On May 12, 1986, he began employment negotiations with defendants who were engaged in a joint venture; in the course of the negotiations he disclosed to defendants an unfavorable separation from a previous employer, MCI Telecommunications; defendants offered plaintiff a position on May 23, 1986, and he accepted; defendants were aware plaintiff was then employed by Citicorp and they knew or reasonably should have expected plaintiff would be required to resign in order to accept a position with them;

plaintiff did, in fact, resign from Citicorp on June 3, 1986; and on June 9, 1986, defendants repudiated the employment contract.

Amended Count VII incorporated the allegations in amended Count VI and added the following: relying on defendants' promise of employment, plaintiff resigned his position at Citicorp thereby forfeiting salary, bonuses and various benefits; and at defendants' request, he made a trip to Dallas, Texas thereby incurring further expenses.

The trial court dismissed both amended counts (VI and VII) for failure to state a cause of action, and designated its order final for purposes of appeal. On appeal, plaintiff argues that his allegations in Count VI were sufficient to plead an exception to the employment at will doctrine, namely consideration independent and additional to the services he was to perform for defendants. Plaintiff also argues he successfully pled in Count VII a cause of action based on promissory estoppel.

▮ In reviewing a dismissal for failure to state a cause of action, we determine whether the facts pleaded and reasonable inferences to be drawn from the allegations, when viewed in the light most favorable to the plaintiff, demonstrate any basis for relief. We accept as true all facts averred in the petition, construe all averments liberally and favorably to the plaintiff and determine whether they invoke principles of substantive law upon which relief can be granted. *San Luis Trails Association v. E.M. Harris Building Co.,* 706 S.W.2d 65, 67 (Mo.App.1986).

▮ Because plaintiff does not allege an employment contract specifying a definite term, he must be considered an employee-at-will. See *Dake v. Tuell,* 687 S.W. 2d 191 (Mo. banc 1985), *Maddock v. Lewis,* 386 S.W.2d 406 (Mo.1965). In Count VI plaintiff seeks to remove himself from the operation of the employment at will doctrine by alleging consideration in addition to the services he was to perform for defendants. Although under certain circumstances courts have accepted this theory, *Schonwald v. Burkart Manufacturing*

*Co.,* 356 Mo. 435, 202 S.W.2d 7, 14 (1947) (essence of contract was disclosure of plaintiff's manufacturing process, not the services to be performed by him), *Harrington v. Kansas City Cable Railway Company,* 60 Mo.App. 223, 228 (1895) (plaintiff in addition to services to be performed released valuable cause of action), the facts as alleged by plaintiff do not warrant its application here. The only additional consideration plaintiff claims he performed for defendants was his resignation from his former employer. This is, however, the sort of consideration normally associated with the performance of services for an employer, and as such does not remove plaintiff's at will status. In rejecting a similar argument, the court in *Minter v. Tottle-Campbell Dry Goods Co.,* 173 S.W. 4, 8 (Mo.App.1915) stated:

> The effort of plaintiff to show an additional consideration passing from him to defendant was abortive, since it shows that he merely abandoned other activities and interests to enter into the service of defendant—a thing almost every desirable servant does upon entering a new service, but which, of course, cannot be regarded as constituting any additional consideration to the master.

This logic applies to the case at bar and consequently the trial court did not err in dismissing amended Count VI.

Plaintiff next contends that the resignation he claimed constituted additional consideration in Count VI also constituted detrimental reliance in Count VII. This theory, one of promissory estoppel, has been resorted to by courts to enforce an otherwise unenforceable promise. *See e.g. Katz v. Danny Dare, Inc.,* 610 S.W.2d 121 (Mo.App.1980), *but see Meinhold v. Huang,* 687 S.W.2d 596 (Mo.App.1985).

■ While plaintiff has alleged detrimental reliance on defendants' promise of employment, he failed to allege reliance on a promise of employment for a definite term. Thus plaintiff has merely alleged reliance on a promise of employment at will. Such an allegation is insufficient to state a cause of action for wrongful discharge. *Albers v. Cardinal Glennon Children's Hospital,*

729 S.W.2d 519, 523 (Mo.App.1987), *Tippit v. Jepco, Inc.,* 726 S.W.2d 877, 878 (Mo. App.1987).

Plaintiff seeks to distinguish these cases by pointing out that they involved employees who had already commenced their employment, while this case involves an unfulfilled promise to hire plaintiff in the future. This argument, once made, has been rejected:

> If an employee, under an oral contract of employment for an indefinite period, is without remedy when fired without reason, one day or one week after commencing work, is it logical to hold he is entitled to damages if the employer refuses to allow him to commence work at all under the agreement? We think not. . . .
>
> . . . .
>
> . . . . To allow recovery of damages for breach of an oral contract of employment for an indeterminate period, either before or after entry thereupon, would be to overrule a long line of decisions which hold exactly the opposite.

*Morsinkhoff v. DeLuxe Laundry & Dry Cleaning Co.,* 344 S.W.2d 639, 643–644 (Mo.App.1961).

Plaintiff attempts to distinguish *Morsinkhoff* by arguing that the recovery which was contemplated in that case was damages based on an unenforceable contract "reanimated" by the doctrine of promissory estoppel. Plaintiff contends, citing the recent case of *Bower v. AT & T Technologies, Inc.,* 852 F.2d 361 (8th Cir. 1988), that *Morsinkhoff* left the door open for an award of damages based not on contract, but rather on plaintiff's reasonable reliance on defendants' promise.

We do not believe *Morsinkhoff* left this door open, and we find *Bower* in direct conflict with the holding therein. Both *Bower* and *Morsinkhoff* involved facts which, for all practical purposes, are the same as in this case. The plaintiffs in both cases, as well as in this case, either quit their previous jobs or chose to forgo other employment opportunities in reliance on the defendants' promise of employment. When the defendants subsequently refused to hire them, the plaintiffs were left with-

out a job. The plaintiffs argued defendants should be estopped from repudiating their promise because of the plaintiffs' detrimental reliance on that promise.

The court in *Morsinkhoff* saw this argument as an attempt to "outflank" the employment at will doctrine. The court was also concerned that if the plaintiff were allowed to recover, there would be no mutuality of obligation in that employers would be held liable for their promises while "[t]he employee may quit any time or never start performance and suffer no liability." *Morsinkhoff*, 344 S.W.2d at 644. Finally, the court thought the damages resulting from breach of the employer's promise would be difficult, if not impossible to measure. For all of these reasons, the court refused to allow recovery on a promissory estoppel theory.

The court in *Bower* read the holding in *Morsinkhoff* as only precluding recovery of contract damages:

> While [the logic in *Morsinkhoff*] is sound, it cannot be extended to forbid recovery based on reasonable detrimental reliance on an unkept promise not otherwise fully enforceable. On the contrary, the notion of mutuality or fairness actually cuts in favor of recovery based on such reliance. For, if damages sustained in reasonable reliance on an employer promise were not available, the effect of such a rule would be to allow the employer to take advantage of whatever benefits might accrue to him by his inducing a potential employee to leave behind home and/or steady employment while at the same time being completely free of any obligation to keep his word.

*Bower*, 852 F.2d at 364.

The problem with this reasoning is that it applies with equal force to the employee who has commenced work and then been discharged. Missouri courts have, however, uniformly denied recovery under these circumstances. If we were to accept the holding in *Bower*, then we would be faced with the prospect of anomalous results such as the following: Suppose plaintiff in this case had not been told not to report to work. Instead, suppose plaintiff packed his belongings, sold his house, and moved himself and his family to a new location to commence employment with defendant. After working one day, plaintiff is discharged. The plaintiff in this example would be denied recovery altogether, although he incurred considerably more "reliance" damages than were alleged by plaintiff in the case at bar, who, under *Bower* would be allowed to recover.

Aside from the illogical results which it sanctions, the holding in *Bower* misconstrues the holding in *Morsinkhoff*. According to the court in *Bower*, *Morsinkhoff* left open the possibility of awarding damages sustained in reliance on an unfulfilled promise of future employment, yet a careful reading of *Morsinkhoff* reveals these are precisely the sort of damages which the trial court in *Morsinkhoff* awarded and which the court of appeals disallowed.

The trial court's damage award in *Morsinkhoff* was based on "loss of earnings while temporarily unemployed, any bonus lost under his previous employment plus any reasonable expense incurred securing a new job." *Morsinkhoff*, 344 S.W.2d at 641. These damages represented the plaintiff's reliance interest. *See* Restatement (Second) of Contracts § 349 (1979). The court of appeals reversed this award, and held that verdict should have been directed for the defendant. Thus, the statement in *Bower* that *Morsinkhoff* does not preclude an award of damages based on reliance clearly misconstrues the holding therein.[1]

---

1. The *Bower* court reached its conclusion by citing the following passage from *Morsinkhoff*, but omitting the language enclosed by brackets:

> If the contract is breached before performance begins, what shall be the extent of recovery? [Shall it be limited to one month's loss of pay, plus loss of bonus and employment agency fee as was allowed here, or if the employee were out of work for one year or two years, may he recover damages covering wages lost for this whole period?] The damages resulting from loss of a promised employment which may be terminated one hour, one day or one week after it is begun, are, we think, so inconsequential as to be impossible of either admeasurement or allowance. The Missouri cases have not allowed recovery in such instances.

Accordingly, because plaintiff's petition fails to state a cause of action based on either additional consideration or promissory estoppel, the judgment of the circuit court is affirmed.

CRANDALL, P.J., and CRIST, J., concur.

. *Bower,* 852 F.2d at 364, 365 (*quoting Morsinkhoff,* 344 S.W.2d at 644, 645).

The court then added:

Clearly, the court in this passage was discussing damages sustained from the *breach of contract fully reanimated by the doctrine of promissory estoppel,* not damages sustained by reasonable detrimental reliance on a promise not otherwise fully enforceable.

*Id.* at 365 (emphasis in original).

When the bracketed language is included, it is obvious the court in *Morsinkhoff* was discussing *both* types of damages.