STATE of Missouri ex rel. Irene SMITH, Plaintiff/Appellant,

v.

Leroy GRANT, et al., Defendants/Respondents.

STATE of Missouri ex rel. Velma BAILEY, Plaintiff/Appellant,

v.

Leroy GRANT, et al., Defendants/Respondents.

Nos. 70211, 70514.

Missouri Court of Appeals, Eastern District, Division Two.

April 8, 1997.

Patrick J. Connaghan, St. Louis, for Plaintiff/Appellant.

James R. Hartung, Associate City Counselor, St. Louis, for Defendants/Respondents.

PUDLOWSKI, Judge.

Appellants, Irene Smith and Velma Bailey, are members of the Board of Aldermen of the City of St. Louis. In separate actions, appellants petitioned the circuit court seeking a writ of certiorari to review zoning variances granted by respondents Leroy Grant, individual members of the Board, and the Board of Adjustment (Board). Both petitions were dismissed by the circuit court for lack of jurisdiction due to lack of standing. Due to the similar nature of the issue in each petition, the appeals are consolidated for disposition.

Appellant Irene Smith, the duly elected alderwoman for the First Ward of the City of St. Louis, petitioned the circuit court for a writ of certiorari to seek review of a decision of the Board granting Mr. Sean Morris a zoning variance. Appellant petitioned the circuit court under the reputed authority of § 89.110 RSMo 1994, which she asserts grants her, as an alderwoman and, therefore, officer of the City of St. Louis, the authority to present to the circuit court a petition to declare the Board's action illegal. Her petition was dismissed because she did not have standing as an aggrieved person, i.e., as a taxpayer, a voter or resident of the neighborhood,[1] or as an individual alderwoman. She was determined not to be an "officer" as described in § 89.110.

Appellant Bailey, the duly elected alderwoman for the Nineteenth Ward of the City of St. Louis, petitioned the circuit court for a writ of certiorari seeking review of a decision by the Board granting Mr. Raymond Davison a variance for his property. Appellant Bailey also petitioned the court pursuant to the authority allegedly granted under § 89.110. The circuit court dismissed the petition for the same reason as appellant Smith's petition.

In this consolidated appeal, appellants Smith and Bailey (appellants) appeal their respective dismissals by the circuit court. We review the trial court's dismissal for lack of jurisdiction with an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true, construing all allegations as favorable to the appellants. We derive the facts from the appellants' petitions. *Rosatone v. GTE Sprint Communications*, 761 S.W.2d 670, 671 (Mo.App.1988).

In their point on appeal, appellants assert that the circuit court erred in dismissing their petitions for lack of jurisdiction because, as alderwomen, they are officers of the municipality and are, therefore, given standing to file a petition under § 89.110 RSMo 1994. The pertinent part of the statute reads as follows:

> Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board or bureau of the municipality, may present to the circuit court of the county or city in which the property affected is located a petition, duly verified specifying the grounds of the illegality.
>
> § 89.110 RSMo 1994.

Respondents, however, argue that appellants have misread the statute. They argue that "any officer, department, board or bureau of the municipality" refers to those whose decisions may be appealed to the circuit court. It does not, respondents urge, refer to those who may petition the circuit court and does not, therefore, confer stand-

---

1. Appellants did not contend in their appeal that the trial judge erred in determining they were not aggrieved parties.

ing upon the appellants, whether or not they are officers. In other words, standing to petition the *decisions* of "any officer, department, board or bureau of the municipality," along with the decisions of the board of adjustment, is conferred only to aggrieved parties. Accordingly, respondents assert, standing to bring a petition, contesting the decisions of the board of adjustment, is not conferred to "any officer, department, board or bureau."

The circuit court recognized both parties' positions and then ruled that the alderwomen are not officers of the municipality under the circumstances of this case and, therefore, such status as alderwoman does not confer standing in their individual capacity to contest a ruling of the Board of Adjustment in the courts.

The court concluded that the statute was not intended to authorize any public employee or elected official to contest the rulings of a board by a petition for writ of certiorari at will. The court ruled, a grant of statutory standing to an individual municipal legislator to singularly contest a zoning code ruling could or would usurp a task which truly requires collective legislative action, or executive judgment. We agree.

We, therefore, affirm the judgment of case # 944–02536 and the judgment of case # 954–02368 of the Circuit Court of the City of St. Louis and assess the costs of appeal to the individual relator.

CRANE, P.J., and GERALD M. SMITH, J., concur.