Cynthia J. McNEILL, f/k/a Cynthia J. Franke, Plaintiff/Appellant,

v.

COMMUNITY TITLE COMPANY, Stewart Title Guaranty Company, Robert T. West, Phillip J. Paster, Paster, West & Kraner, P.C., A.G. Edwards & Sons, Inc., Mercantile Bank of St. Louis, N.A., William E. Franke, Gannon Partnership 19, L.P., The Gannon Management Company and John W. Shipley, Defendants/Respondents.

No. ED 75724.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 25, 2000.

Thomas G. Berndsen, Charles F, Dufour, St. Louis, for appellant.

Gerard F. Hempstead, Paul E. Petruska, St. Louis, for respondent William E. Franke, Gannon Partnership 19, L.P. and The Gannon Management Co.

Thomas Cummings, Jeffery T. McPherson, St. Louis, for respondent Stewart Title Guaranty Co.

James J. Hennelly, Matthew J. Fairless, Karen Carr Moske, St. Charles, Louis F. Bonacorsi, St. Louis, for respondent Robert T. West, Phillip J. Paster and Paster, West & Kraner, P.C.

Thomas A. Connelly, Michael J. Angelides, St. Louis, for respondent Community Title Co.

Robert Hammel Brownlee, St. Louis, for respondent Mercantile Bank of St. Louis, N.A.

Jeffrey Joseph Kalinowski, Michelle Ward, St. Louis, for respondent A.G. Edwards & Sons, Inc.

Terry L. Pabst, St. Louis, for respondent John Shipley.

KENT E. KAROHL, Judge.

Cynthia J. McNeill (McNeill), former wife of defendant William E. Franke (Franke), sued eleven defendants and alleged in ten counts that defendants committed various torts in connection with an interest she claimed in a promissory note, which was satisfied in a refinancing without compensation for her interest.

Count I alleged common law fraud against Franke and Paster, West & Kraner, P.C. (PW & K)[1] for failing to disclose the release of the Wrap Deed of Trust and the occurrence of the refinancing transaction. Count II alleged tortious interference with McNeill's interest in the Wrap Note and Deed of Trust against all defendants. Count III alleged tortious interference with her interests in the dissolution decree against all defendants except Franke. In Count IV, McNeill alleged damages as a third-party beneficiary where Community Title Company (Community) and Franke entered an "Indemnification and Escrow Agreement." Count V alleged Phillip J. Paster (Paster) breached his fiduciary duty to McNeill. Count VI alleged Robert T. West (West), Paster and PW & K were liable for professional

---

1. All claims against PW & K are directed to Phillip Paster and Robert West individually and to the law firm of Paster, West & Kraner, P.C.

negligence. Count VII sought imposition of a constructive trust alleging that Franke, Gannon Partnership 19, L.P. (GP 19) and the Gannon Management Company (GMC) obtained contracts to manage the property, which should have been deemed held in trust for McNeill's benefit. Count VIII alleged "aiding and abetting" Franke's violation of the dissolution decree and St. Louis Associates' (SLA) breach of the Wrap Note and Deed of Trust against all defendants. Count IX alleged a conspiracy among all defendants. Count X alleged PW & K breached its fiduciary duties to McNeill as her attorneys.

The trial court sustained motions to dismiss or for summary judgment on all her claims. She appeals the judgments for most, but not all of the defendants. We affirm.

McNeill was married to defendant Franke when he purchased five apartment complexes (the Property) in his own name. He financed the purchases with a commercial real estate loan and with Series A, B and C Bonds. McNeill was jointly liable on the Series C Bonds. In l984, Franke sold the Property to SLA. SLA financed the purchase, in part, with a non-recourse note payable in Franke's name only for $57,300,000. The parties and the trial court referred to the note as a wrap around promissory note (Wrap Note) because it was subordinate to other purchase money secured notes from other lenders. The repayment of the Wrap Note was secured by a deed of trust (Wrap Deed of Trust) against the Property. In effect, the Wrap Deed of Trust was a third mortgage behind the existing commercial loan and the Series A, B and C Bonds.

In 1986, Franke entered a loan agreement with Mercantile Bank, N.A (Mercantile) to borrow up to $6,000,000 on a line of credit. He pledged or assigned the Wrap Note and the related Wrap Deed of Trust as security for the loan. The loan instruments gave Mercantile authority to deal with the Wrap Note and Wrap Deed of Trust as required to secure its loan balance owed by Franke. McNeill was not a party to the loan agreement.

In February 1988 a court dissolved the Franke/McNeill marriage. The dissolution decree, with respect to the Wrap Note, provided that Franke receive an eighty–percent interest and McNeill receive a twenty–percent interest. The court found the Wrap Note had a value of $l3,444,000 and, thus, valued McNeill's interest at $2,688,000. The trial court ordered that neither party shall have the right to alter, amend, modify or change the terms and conditions of the Wrap Note or Wrap Deed of Trust without the written consent of the other party. The court also ordered Franke to pay McNeill twenty percent of monthly total receipts of principal and interest on the note less payments made on the underlying indebtedness. The eighty/twenty percent interest extended to all payments of principal and interest under the terms of the note and all rights of ownership in the underlying security, the Property sold by Franke in 1984, in the event of default and foreclosure. The dissolution decree did not mention the 1986 assignment of the note to Mercantile, its effect on ownership percentage, or its effect on the value of awards. We reviewed cross-appeals of the dissolution decree from Franke and McNeill. We affirmed. *W.E.F. v. C.J.F.*, 793 S.W.2d 446 (Mo.App.1990). We incorporate and adopt the relevant portions of that opinion.

In May 1988, Franke met with McNeill and her dissolution counsel because it was an absolute necessity that refinancing of the Property occur to avoid personal liability for both Franke and McNeill on the Series C Bonds. McNeill conditioned her consent to refinancing on an agreement that she acquire custody of her children. The decree awarded the children to Franke. Franke refused her request. Franke, with the aid or participation of co-defendants, completed a refinancing transaction in November 1988 and January 1989 without McNeill's consent. SLA secured loans from Carnegie Evans Corporation

and paid off the existing secured debts, which were liens on the Property. The liens included Franke's purchase money loans, the Series A, B and C Bonds, and the Mercantile loan. The only benefit realized by McNeill from the refinancing was the release of personal liability on the Series C Bonds. Franke benefited in a number of additional ways when Mercantile utilized its authority and effected the refinancing without McNeill's consent. However, Franke's conduct in the event was subject to the relevant provisions in the dissolution decree.

In May 1991, McNeill filed a motion for civil contempt against Franke in the dissolution case. She did not contest the refinancing in that proceeding. On August 25, 1992 the court held Franke in contempt for violating the provisions of the dissolution decree regarding the Wrap Note. The court stayed incarceration on the condition Franke pay McNeill $2,515,280 in monthly installments of $20,000 in cash, commencing on September 1, 1992. The court determined the total amount to be paid as the value of McNeill's interest in the Wrap Note at the time of refinancing. In February 1988, the dissolution court had valued her interest at $2,688,000, which was $172,720 more than the value in August 1992. However, the contempt order provided McNeill with an asset of equal value to her interest in the Wrap Note when it was satisfied. We are informed Franke is current on the monthly payments. If so, Franke has paid McNeill $1,760,000 to date on account of the contempt judgment, which replaced the award in the dissolution decree.

In 1993, approximately one year after the contempt decree, McNeill sued Franke and the others who were involved in the 1988/89 refinancing. The underlying theory of her claims against all defendants is that she sustained pecuniary damages because the alteration, amendment and release of the Wrap Note violated the provisions of the dissolution decree. The trial court dismissed some of her claims for failure to state a cause of action or because the claim was barred by the doctrine of collateral estoppel, case law or res judicata. It granted summary judgment on the remaining claims.

We review the dismissals in accord with *Rosatone v. GTE Sprint Communications,* 761 S.W.2d 670, 671 (Mo.App.1988). To the extent the trial court considered matters outside of the pleadings, we will treat the dismissals as if they were summary judgments and review on the appropriate standard. *Dent Phelps R–III School Dist. v. Hartford Fire Ins. Co.,* 870 S.W.2d 915, 917–18 (Mo.App. S.D.1994). The summary judgments should be affirmed, regardless of the theory upon which they are based insofar as the undisputed facts and the law, where such judgments could have been reached on any reasonable and available theory. *Air Cooling & Energy v. Midwestern Const.,* 602 S.W.2d 926, 927 (Mo.App.1980).

McNeill's points on appeal have a common fundamental and fatal flaw. She has sustained no damages as a result of the conduct of any of defendants, except Franke. Moreover, her right to money damages from Franke was litigated to judgment when she chose the contempt proceeding for redress of his conduct in refinancing without her consent. She cannot state a cause of action in tort unless she can allege provable damages. Her allegations will not support a finding she was damaged by defendants, who are engaged in the real estate business in some capacity and were involved in the refinancing by acting in the ordinary course of their businesses, for several reasons. Neither will her facts support a finding that the attorneys named as defendants were her attorneys at the time of refinancing nor that their acts or failures to act caused her any pecuniary damages.

■ First, McNeill received twenty percent of Franke's interest in the Wrap Note pursuant to the 1988 dissolution decree. His interest was subject to the rights of Mercantile created in the 1986 loan agree-

ment. We previously found Mercantile's perfected security interest in the Wrap Note was superior to McNeill's. *Prairie Properties, L.L.C. v. Cynthia J. McNeill, et. al.*, 996 S.W.2d 635, 639 (Mo.App. E.D. 1999). We held Mercantile's release of the Wrap Note and Wrap Deed of Trust was proper and effective. *Id.* at 640. McNeill is collaterally estopped from contending the release was improper or wrongful where: (1) the issue presented in a prior adjudication is identical to the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party of the prior adjudication; and, (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Atlanta Cas. Co. v. Stephens*, 825 S.W.2d 330, 334 (Mo.App.1992). Our opinion in *Prairie Properties, L.L.C.* supports the conclusion of the trial court that all defendants, except Franke, did no more than participate in the ordinary course of business in a real estate financing transaction. Other than Franke himself, McNeill cannot prove that any defendant did anything other than their lawful business activity. The refinancing has been found to be commercially necessary, therefore negating any allegation of tortious or illegal acts. The judgment for Mercantile was granted in accord with these conclusions and McNeill dismissed her appeal of that judgment.

■ Second, the findings and judgment in the civil contempt proceeding brought by McNeill have determined the limit of her damages by replacing what she lost, which was an interest in a Wrap Note and Deed of Trust subordinate to various superior claims. The judgment was entered in her favor for $2,515,280 against Franke, who was the only defendant legally obligated by the dissolution decree not to participate in a change in the Wrap Note without the consent of McNeill. We affirmed the judgment on appeal. *Franke v.*

*Franke*, 846 S.W.2d 259 (Mo.App. E.D. 1993).

As a matter of law, McNeill was not damaged by the lawful conduct of any other defendants who participated in the refinancing of the Property with Mercantile as part of their usual business activities. In the absence of provable damages, McNeill's points on appeal fail.

Several defendants/respondents have filed motions to dismiss the appeal arguing the issues are moot or that defects in McNeill's brief justify dismissal. Specifically, they contend the statement of facts is argumentative because of inaccurate statements and references to offers of evidentiary facts that the court rejected and, thus, are not a part of the record. The motions are overruled solely because we affirm the judgments in favor of defendants. We need not decide the remaining legal issues. However, we conclude the trial court's finding that the attorney defendants, West, Paster and PW & K were not McNeill's attorneys at the time of the 1988/89 refinancing is based on undisputed facts. McNeill's conclusory statements are not facts and she may not rely on documents which were stricken to maintain a disputed issue of fact.

Appellant abandoned her appeal of judgments in favor of (1) A.G. Edwards & Sons, Inc., (2) Gannon Management Company, (3) G.P. 19, (4) Mercantile Bank, N.A., and (5) John Shipley. These judgments are affirmed. Motions of other respondents to dismiss are denied as moot. All motions for sanctions are denied. We affirm all judgments for all defendants.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.